WHALEY *v.* CATLETT.

*(Knoxville.* October 18, 1899.)

1. ACTIONS. *For personal injuries do not survive at common law.*

At common law actions for personal injuries abate with the death of the injured party, and no right of action survives or arises in such cases in favor of the widow or children, or next of kin of the deceased. *(Post, pp. 352–354.)*

Cases cited: Bream *v.* Brown, 5 Cold., 170; Chambers *v.* Porter, 5 Cold., 276; Flatley *v.* Railroad, 9 Heis., 234; Fowlkes *v.* Railroad, 9 Heis., 831; Trafford *v.* Express Co., 8 Lea, 97; Railroad *v.* Lilly, 90 Tenn., 564; Railroad *v.* Pitt, 91 Tenn., 86; Railroad *v.* Bean, 94 Tenn., 393.

2. SAME. *For personal injuries, survive by statute.*

The statutes saving to the widow, children, next of kin, and personal representatives of a decedent the right to recover damages for his personal injuries, preserve for their benefit the original cause of action that accrued to the decedent and devolves it upon them, but do not create any new and independent cause of action in their favor. *(Post, pp. 352–355.)*

Code construed: §§ 4025–4027, 4029 (S.); §§ 3130–3132, 3134 (M. & V.); §§ 2291, 2292 (T. & S.).

Cases cited and approved: Haley *v.* Railroad, 7 Bax., 242; Loague *v.* Railroad, 91 Tenn., 460; Railroad *v.* Johnson, 97 Tenn., 670.

Cited and disapproved: Railroad *v.* Pounds, 11 Lea, 130.

3. SAME. *Acts* 1883, *Ch.* 186, *does not create new cause of.*

Acts 1883, Ch. 186, enlarging the scope of the damages recoverable in actions, brought under existing statutes, by the widow, children, next of kin or personal representatives of a decedent for his personal injuries, does not create any new or independent cause of action, but merely regulates the damages recoverable under an existing cause of action. *(Post, pp. 354, 355.)*

Act construed: Acts 1883, Ch. 186.

Case cited and approved: Loague *v.* Railroad, 91 Tenn., 461.

4. LIMITATIONS, STATUTE OF. *Bars action for personal injuries.*

   As the statutes that save a right of recovery for the personal injuries of a decedent to his widow, children, next of kin, and personal representatives, do not create a new and independent cause of action for them, but merely preserve the right of action that accrued to the decedent for their benefit, the statute of limitations that began to run against the decedent continues to run against those who succeed to his rights, notwithstanding their disabilities, and bars the action unless it is brought within one year after the injury was done. (*Post, pp. 355, 356.*)

   Cases cited: Fowlkes v. Railroad, 9 Heis., 830; Trafford v. Express Co., 8 Lea, 107; Greenlee v. Railroad, 5 Lea, 419,

5. SAME. *Concealment of cause of action.*

   An averment of fraudulent concealment of cause of action by defendant, in order to save the running of the statute of limitations, must show the concealment definitely, and that it continued up to a date that rendered it impossible for the statute to run before commencement of suit. (*Post, pp. 356, 357.*)

   Case cited: Haynie v. Hall, 5 Hum., 293.

---

FROM SEVIER.

---

Appeal from Circuit Court of Sevier County. THOS. A. R. NELSON, J.

J. R. PENLAND, A. C. GRIMM, WELCKER & PARKER, and J. W. CULTON for Whaley.

W. W. MULLENDORE & SON, W. J. McSWEEN, G. L. ZIRKLE, and SHIELDS & MOUNTCASTLE for Catlett.

WILKES, J. These are actions founded upon Sections 4025, 4026, 4027, and 4029, of Shan-

non's Code, but more especially upon Section 4029, which said sections read as follows:

"4025. *Right of action in case of injury or death.*—The right of action which a person who dies from injuries received from another, or, whose death is caused from the wrongful act, omission, or killing by another, would have against the wrongdoer in case of death, had it not ensued, shall not abate, or be extinguished by his death, but shall pass to his widow, and in case there is no widow, to his children, or to his personal representative, for the benefit of his widow or next of kin, free from the claims of creditors. (1851–52, Ch. 17; 1871, Ch. 78, Sec. 1.)

"4026. *How suit is prosecuted.*—The action may be instituted by the personal representative of the deceased, but if he decline it, the widow and children of the deceased may, without the consent of the representative, use his name in the bringing and the prosecuting of the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his name to the prosecution bond. (1851–52, Ch. 17.)

"4027. *When action may be instituted by widow or children.*—The action may also be instituted by the widow in her own name, or if there be no widow, by the children. (1871, Ch. 78, Sec. 2.)

"4029. *Measure of damages.*—Where a person's

death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by Sections 4025--4027, inclusive, the party suing, shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received." (1883, Ch. 186.)

The facts in the case are about as follows: One night in December, 1896, two parties by the name of Catlett Tipton and Pleas Wynn went to the house of William Whaley, in Sevier County, shot down and instantly killed both Whaley and his wife, neither having spoken after the fatal shots were fired, which were in rapid succession. They left as heir and only survivor the plaintiff in this cause, who was then a child about six months old. No representative of the estate of the deceased father or mother was ever appointed, nor has the said child had a guardian. After the death of the father and mother, it was discovered, as alleged in the declaration, that the defendant, Catletts, hired, procured, aided, and abetted the said Wynn and Tipton to commit these murders. Two suits were instituted against the defendants by this minor child, by next friend, for $25,000 each, one for causing the wrongful death of the father, and

the other for causing the wrongful death of the mother. Declarations were filed in each case, and the defendants demurred to each, on the ground that they were each barred by the statute of limitation of one year. The Court below sustained these demurrers, from which action of the Court the plaintiff appealed. The only question involved is, "Are the actions barred by the statute of limitations?"

The proper answer to this question makes necessary a critical examination of the Acts which have been cited, and, to some extent, a review of our cases wherein these Acts have been construed. The question narrows itself to this: Is the action which the statute authorizes that of the deceased, or is there under the Acts a new, substantive, original cause of action in the widow, children, or next of kin, independent of that existing in and passing from the deceased, though resting upon or growing out of the same injury? In other words, does the deceased's cause of action alone survive and pass to the parties named, or does the statute create a new cause of action in their behalf and for their benefit?

We are of opinion that a careful reading of the statutes can lead to no other conclusion than that they provide alone for the continued existence and passing of the right of action of the deceased, and not for any new, independent cause of action in his widow, children, or next of kin. Section

4025, Shannon, refers to it as the right of action which the deceased would have had in case death had not ensued, and provides that it shall not abate or be extinguished, but shall pass to his widow, etc. It does not provide for or refer to any new cause of action arising or coming into existence in their favor. It is alone by virtue of these statutes that a right of action exists in the widow, children, or next of kin at all for the unlawful killing of the deceased, and this right exists under the statute not because it arises directly to them in their own right, but because it passes to them in the right of the deceased.

At common law all personal actions for wrongs or injuries died with or abated by the death of the party injured, and no right of action survived or arose in favor of the widow or children, or next of kin. They can, therefore, take only under and according to the provisions of the statutes. *Bream* v. *Brown,* 5 Cold., 170; *Chambers* v. *Porter,* 5 Cold., 276; *Flatley* v. *Railroad,* 9 Heis., 234; *Fowlkes* v. *Railroad Co.,* 9 Heis., 831, 846; *Trafford* v. *The Ex. Co.,* 8 Lea, 97–108; *Railroad Co.* v. *Lilly,* 6 Pick., 564; *Railroad* v. *Pitt, Ad'm.,* 7 Pick., 86–92; *Loague* v. *Railroad Co.,* 7 Pick., 459–462; *Railroad* v. *Bean,* 10 Pick., 393, 394.

In *Haley* v. *Railroad,* 7 Bax., 242, it is held that the right of action of the deceased, "with all its incidents," passes, and it must be treated

as if the injured party had brought it. And,
again, in *Loague* v. *Railroad,* 7 Pick., 460–462,
it is held that the right of action is still the
right of the deceased, although under Section 4029,
Act of 1883, Ch. 186. the recovery may include
as an element such damages as are sustained by
the person to whom the statute gives the recovery.
It is true that in *Railroad* v. *Pounds,* 11 Lea,
130, it is said that the Act of 1883, Chapter
186, Shannon, Section 4029, created "a new cause
of action." The question in that case was as to
the measure of damages to be awarded, and the
Court held that damages could not be awarded
under the Act of 1883, Chapter 186, Sec. 4029,
Shannon, inasmuch as that Act was not in force
when the injury was done and the cause of ac-
tion arose.

The learned Judge used an inapt expression in
speaking of it as a new cause of action, and
the real holding was that the parties suing were
not entiled to the new and enlarged measure of
damages provided by that Act for a cause of ac-
tion which arose before the Act. That the action
in favor of the widow is not a new and inde-
pendent one, while not so held in so many words,
is necessarily involved. The case of *Railroad* v.
*Bean,* 10 Pick., 394, where it is held it only
existed (as the law then stood) in the parties
entitled at the death of the injured party, and

19 P—23

in case of the widow's death, did not survive to her administrator or distributees.

In *Railroad* v. *Johnson,* 13 Pick., 670, it was held that it was not the purpose of this Act to create a new (the word "mere" in the report being a clerical misprint for new) class of bene-ficiaries, but to extend the scope of recovery as to the measure of damages. So in *Loague* v. *Railroad,* 7 Pick., 461, it is said the Act of 1883, Chap. 186, Shannon, Sec. 4029, does not confer upon the widow any independent right to sue exclusively for the damages resulting to her-self or the children; and, again, that the only ef-fect of the Act is to enlarge the right of the person suing so as to permit the recovery of the damages peculiar to the widow and children or next of kin, together with the damages the de-ceased might have recovered. Other cases might be cited holding more or less explicitly the same thing, and there can be no doubt but that this is the plain and obvious construction of the stat-utes, and so recognized by the decisions.

The title of the Act of 1883, Chapter 186, is as follows:

"An Act to be entitled an An Act to define the measure of damages recoverable in case of the death of the person caused by the wrongful act, fault, or omission of another."

The caption does not refer to any new, inde-pendent right of action to be created or to arise

under the Act, nor to give a right of action to any person not then having it, but refers solely and alone to the damages that may be recovered.

The closing portion of the first section refers to the damages resulting to the parties for whose use and benefit the right of action survives from the death, consequent upon the injuries received, and this language is brought forward into Shannon's compilation, as the closing sentence of Section 4029.

Taking it as established, therefore, that the right of action in all such cases is the right of the deceased and not of the party entitled to the damages as separate from and independent of the right of the deceased, the next question that arises is, When does the action accrue? In *Fowlkes* v. *Railroad Co.,* 9 Heis., 830–839, it was held, after much discussion, deliberation, and consideration, that. the right of action accrued the moment the injury was done, and this, even if the party was instantly killed, and was under the general stat-. ute (Shannon, Sec. 4469), barred within one year from that time. The same rule was followed in *Trafford* v. *The Ex. Co.,* 8 Lea, 107, and cases there cited. And in *Greenlee* v. *Railroad,* 5 Lea, 419, it was held to apply to minors, but in that case the decision was placed upon the ground that the widow, if living, might control the suit without the consent of the children, and hence, that if the suit was barred as to the widow, it would

be also as to the minor children.    It is evident that if the right of action be that of the deceased, and commences to run when the injury is done, the minority of the beneficiary will not be material, as the statute will continue to run and not be suspended during minority.    Otherwise, if the right of action be an independent one in the minor, not derived from the deceased, the statute would not commence to run during the minority, the cause having arisen while the claimant was a minor.   See *Fowlkes* v. *Railroad,* 9 Heis., 833.

It is charged in the fourth count of the declaration, substantially, that the wrongful act was concealed, and is still concealed, from the plaintiff and the public, and hence the statute did not run.    It is true that fraudulent concealment of the cause of action will prevent the running of the statute, but the allegation of fraudulent concealment is not made in the declaration as definitely as it should be.   The statement in the declaration is that defendant fraudulently concealed from the plaintiff and the public the wrongful, willful, and malicious act.    If this be held sufficient to charge the concealment of the cause of action, and not merely the evidence of defendant's connection therewith, still it is fatally defective in that it does not show that the cause of action was discovered within one year next before the action was brought.    The declaration clearly implies that it has been discovered, but does not disclose when.    In order to take

the case out of the statute, it must be alleged and shown that the cause of action was concealed to a time within one year next before the suit was brought, and discovered within the year. *Haynie* v. *Hall,* 5 Hum., 293.

This defect in the declaration was plainly pointed out by the demurrer, and there was no offer to amend, so that we must presume the facts would not warrant such amendment as was necessary to take the case out of the statute.

The judgment in each case must be affirmed with costs.