Anthony Lamar JONES, a minor, by next friend, Olivia Bell, Petitioner,

v.

Dr. Billy Gene BLACK et al., Respondents.

Supreme Court of Tennessee.

July 19, 1976.

Charles G. Wright, Jr., Chattanooga, for petitioner.

E. Blake Moore, Spears, Moore, Rebman & Williams, Chattanooga, for respondents.

## OPINION

HARBISON, Justice.

This action was brought on behalf of a minor child to recover damages for the wrongful death of his mother. Her death occurred on June 13, 1971, following Caesarean surgery in connection with the birth of the child for whose use the suit was brought.

The action was not filed until January 22, 1973, more than one year after the date of the death of decedent. The trial court and the Court of Appeals both held the claim was barred by the one-year statute of limitations, T.C.A. § 28–304, and this Court granted certiorari to consider the matter further.

While there is no specific statute of limitations contained in the Tennessee wrongful death statutes, T.C.A. §§ 20–607 et seq., the rule has long been followed in this state that the Tennessee statutes, in theory, preserve the right of action which the deceased himself would have had, and they basically have been construed as falling within the "survival" type of wrongful death statutes. For many years, the courts of this state have applied the one-year statute of limitations contained in T.C.A. § 28–304, governing actions for personal injuries, to actions for wrongful death, regardless of the minority or other disability of any beneficiary of the action. See Whaley v. Catlett, 103 Tenn. 347, 53 S.W. 131 (1899).

In the present case, the decedent herself was a minor and, the beneficiary, of course, was a newborn child. The Court is asked to re-examine its previous rulings upon the question of the statute of limitations, and, in effect, to hold that the right of action actually accrues to the beneficiary, and that the minority or other disability of the beneficiary should prevent the running of the statute of limitations until after the removal of such disability, pursuant to the general savings statute, T.C.A. § 28–107.

That statute provides as follows:

"If the person entitled to commence an action is, at the time the cause of action accrued, either (1) within the age of eighteen (18) years, or (2) of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from the removal of such disability."

The Court has given careful consideration to the contention of the petitioner, and were we construing the Tennessee wrongful death statutes for the first time, a construction such as that contended for by the petitioner would have considerable appeal.

The nature and theory of the Tennessee wrongful death statutes, however, have been much litigated over a long period of time, and the rules under which the statutes have been consistently applied have become well settled, particularly the rule governing the measure of damages to be applied for the wrongful death of a decedent within this state. It is the opinion of the majority of the Court that to now hold that the right of action accrues to the beneficiary, and that the statute of limitations in a death action would depend upon the age or competency of the beneficiary, would be contrary to the basic theory and construction of the wrongful death statutes as laid down in many cases in this state over a long period of time. This in all probability, would impinge upon the theory as to the measure of damages which, in the opinion of the majority, is a more equitable one than that applied in states where the wrongful death statutes are deemed to create a "new cause of action" in the beneficiary.

It is true, as pointed out in the dissenting opinion of Justice Brock, and as pointed out by almost all commentators on the Tennessee wrongful death statutes, that the statutory provisions in Tennessee are somewhat ambiguous. They provide for elements of damages consistent with a theory of the survival of the right of action of the deceased but also allow damages consistent, to some degree, with the creation of a new cause of action in the beneficiaries. See Gamble, *Actions for Wrongful Death in Tennessee,* 4 Vand.L.Rev. 289 (1951); Smedley, *Wrongful Death Actions in Tennessee,* 27 Tenn.L.Rev. 447 (1960).

Despite this apparent ambiguity in language, however, the Tennessee courts have consistently for nearly a century construed the Tennessee wrongful death statutes as being of the survival type, and as preserving the right of action which the deceased would have had, had he survived. This may, indeed, be a fiction, but it is one which is well settled and is well established in our case law, and which was thoroughly considered and discussed in a number of cases near the end of the nineteenth and during the early part of the twentieth century.

T.C.A. § 20–614, which permits the allowance of certain damages to the beneficiaries, in addition to damages for the life of the deceased, had its origins in Chapter 186 of the Public Acts of 1883, and was added to the original wrongful death statutes passed much earlier in the nineteenth century. The 1883 statute, upon which the dissenting opinion places emphasis, was construed in a number of cases, all of which are discussed in the leading case of *Davidson Benedict Co. v. Severson,* 109 Tenn. 572, 72 S.W. 967 (1902). After lengthy review of all of the cases, the Court said:

"Regarding these cases all together in one comprehensive view, from the earliest to the latest, a striking fact appears, viz. that in all of them only one right of action is recognized—that of the deceased—and that they all, so far as they speak to the subject at all, deny that any independent right of action exists in the widow, the children, or the next of kin." 109 Tenn. at 613, 72 S.W. at 977.

In that case the Court recognized that the statutory provisions do permit two classes of damages in the same action, these being damages for the injury to the deceased himself, and certain incidental damages to the widow and children. Both before the decision in that case and since,

however, the Tennessee courts have consistently construed the statutes to be of the survival type, and to preserve the right of action of the deceased.

Probably no case more graphically demonstrates the theory to which the Tennessee courts have been firmly committed in construing the wrongful death statutes than that of *Memphis Street Ry. Co. v. Cooper,* 203 Tenn. 425, 313 S.W.2d 444 (1958). In that case a group of beneficiaries purporting to be the widow and children of the deceased appeared at counsel table when an action for his wrongful death was tried. There was a verdict in favor of the plaintiffs under a charge given by the trial court to the jury that the measure of damages was the pecuniary value of the life of the deceased. Thereafter, it developed that the persons seated at counsel table were not the legitimate beneficiaries of the deceased, and the trial court granted a new trial on the basis of newly discovered evidence. At the second trial there was a verdict for the defendant. The record revealed that the deceased had two surviving brothers, however, who would have been proper beneficiaries under the statute, if in fact the persons claiming to be his widow and children were not such.

The Court of Appeals, therefore, reversed the action of the trial court in granting a new trial and reinstated the original jury verdict, and its action was affirmed by this Court in an opinion by Chief Justice Burnett. In this opinion the Court reiterated the firmly settled theory in this state that:

". . . the action which survived was not a new action in the widow and children or the heirs, but they could only recover for the pecuniary value of the life of the deceased and they only had the same rights that he had regardless of who the widow and children were . . . ." 203 Tenn. at 430, 313 S.W.2d at 447.

In affirming the action of the Court of Appeals, reinstating the jury verdict, the Court said:

"We have reached this conclusion because in the first instance the right of action herein was that of the dead man and the right which he would have possessed if he had lived and the recovery is in his right, not in the right of the widow or children or brothers. *Sharp v. Cincinnati N.O. & T.P. Ry. Co.,* 133 Tenn. 1, 179 S.W. 375, Ann.Cas.1917C, 1212; *Oman v. Delius,* 162 Tenn. 192, 35 S.W.2d 570. This right of action is statutory (Sections 20–607, 20–608, 20–609, T.C.A.), so that both the action and the procedure for distribution of the proceeds of any recovery rests on the statute. *Black v. Roberts,* 172 Tenn. 20, 108 S.W.2d 1097.

"A suit of the kind here involved must be treated as if the injured party had brought it. *Whaley v. Catlett,* 103 Tenn. 347, 53 S.W. 131. . . .

"Thus it is seen by our authorities, which are absolutely uniform in this State up to the present time, that the recovery for the death of Cooper is not based on whether he left a widow and children or what-not, but is based upon the pecuniary value of the life of the man himself." 203 Tenn. at 431–433, 313 S.W.2d at 447–448.

The rationale of the dissenting opinion in the present case, in our opinion, represents a departure from the long and well-settled construction given to the Tennessee wrongful death statutes that they are to be treated as survival statutes rather than creating a new cause of action.

The decision in *Whaley v. Catlett,* 103 Tenn. 347, 53 S.W. 131 (1899) and the interpretation made therein of the original wrongful death statutes and the 1883 amendment have been consistently followed for over seventy-seven years. These have become an integral part of the Tennessee wrongful death statutes. It has been thoroughly understood by the bench and bar for a long period of time that the statute of limitations for wrongful death in this state is one year. Whether that is the optimum period, or whether it should be longer or shorter is basically a matter for the General Assembly. We do not believe that this Court should now unsettle the matter and leave the period of time for the bringing of

such an action open for as much as eighteen years, depending upon the age or status of the beneficiaries, under a statute which has been uniformly construed and interpreted to preserve the right of action of the deceased and to be a survival type of statute.

The changing of the rule as to the statute of limitations could create many problems, heretofore regarded as settled, in the application of the wrongful death statute. For example, in the case of a decedent leaving a number of beneficiaries, rather than a single beneficiary as in the present case, numerous problems could be encountered with respect to the statute of limitations. Presumably the adult beneficiaries would still have just one year from the date of the injury or death of the decedent, as the case may be, but the minor beneficiaries would have varied and different periods of time within which they might pursue their action. The problem would then be presented as to whether or not each beneficiary should be allowed to recover for such damages as he or she had sustained, or whether there would still be preserved the right of action of the deceased, with damages measured by the pecuniary value of his own life.

The measure of damages heretofore adopted in this state, permitting recovery for the value of the life of the deceased, permits some recovery in almost every case where liability is established. In states following the "new cause of action" theory, a beneficiary has no right of action unless he can prove damages to himself. This is the rule followed in at least two of the cases cited in the dissenting opinion in which minor beneficiaries were involved. *Cross v. Pacific Gas & Electric Co.,* 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964); *Parker v. Chrysler Motors Corp.,* 88 Nev. 560, 502 P.2d 111 (1972).

The judgment of the Court of Appeals is affirmed at the cost of petitioner.

FONES and HENRY, JJ., concur.

BROCK, J., dissents.

COOPER, C. J., not participating.

BROCK, Justice (dissenting).

I must dissent.

In Tennessee there is no special statute of limitations applicable to actions for wrongful death. Instead, our courts have held that the general statute of limitations for injuries to the person, T.C.A. § 28–304, applies to such actions. That statute provides that the cause of action must be commenced within one year "after cause of action accrued." But, our "saving statute" provides that if the "person entitled to commence an action" is, at the time the cause of action accrued, either (1) within the age of eighteen years or (2) of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action—after the removal of such disability—within the time of limitation for the particular cause of action, unless it exceed three years, and in that case within three years from the removal of such disability. T.C.A. § 28–107. Who is the "person entitled to commence an action" for damages for wrongful death? Is it the beneficiary specified in the statute or is it the decedent? If the former, the statute of limitations has not run in this case.

The death of a person under disability removes the disability and sets the statute to running; thus, if a person under a disability, such as the deceased mother in this case, had a cause of action for personal injuries, that action must be commenced within one year after his or her death. *Griffith v. Nashville C. & St. Louis Railway,* 147 Tenn. 224, 246 S.W. 532 (1922). Cumulative disabilities in different persons will not prevent the bar; if the person to whom a cause of action for personal injuries accrues is under a disability and dies before its removal, the persons inheriting his right of action must commence an action within one year of his death regardless of their own disabilities; it was this rule which the Court of Appeals applied in holding this action to be barred. Only the disability of the person to whom the cause of action first accrues will toll the statute of limitations. *Jones v. Coal Creek Mining & Mfg. Co.,* 133 Tenn. 159, 180 S.W. 179 (1915); *East Ten-*

nessee *Iron and Coal Company v. Wiggin*, 68 F. 446 (U.S. 6th Cir. 1895); 51 Am.Jur.2d 752, Limitation of Actions, § 184. It is thus apparent that with respect to application of the statute of limitations to a wrongful death action, the critical question is: To whom does the cause of action accrue?

The majority relies upon the decision of this Court in *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131 (1899), as authority for the proposition that a cause of action for wrongful death accrues to the decedent at the time the injuries are inflicted. In that case the plaintiff was only six months of age when his parents were shot and instantly killed. No representative of the estate of the deceased father or mother was appointed and no guardian was appointed for the child. More than one year after the killings, the child, by next friend, instituted suit against the alleged murderers for the wrongful deaths of the father and mother. This Court held that the actions were barred by the one year statute of limitations upon the theory that the wrongful death statute, T.C.A. § 20–607, provides only for the survival of the cause of action of a decedent and does not create a new cause of action for the beneficiaries; and, therefore, that the cause of action accrued to the decedents at the moment of injury and was barred one year from that time.

The Court said:

"It is is evident that if the right of action be that of the deceased, and commences to run when the injury is done, the minority of the beneficiary will not be material, as the statute will continue to run and not be suspended during minority. Otherwise, if the right of action be an independent one in the minor, not derived from the deceased, the statute would not commence to run during the minority, the cause having arisen while the claimant was a minor." Id. at 134.

Paradoxically, the Court also held that fraudulent concealment of the cause of action would prevent the running of the statute against the minor beneficiary. In my opinion, the *Whaley* decision is unjust and illogical and is not mandated by any legislative act. I would overrule it.

Wrongful death statutes may be classified into three categories, according to their peculiar wording: (1) wrongful death statutes, (2) survival statutes, and (3) hybrid (survival-wrongful death) statutes.

A majority of the states have enacted wrongful death statutes. These statutes are modeled after Lord Campbell's Act, which provided:

"An act for compensating the families of persons killed by accidents—

"Whereas no action at law is now maintainable against the person who by his wrongful act, neglect, or default may have caused the death of another person, and it is oftentimes right and expedient that the wrongdoer in such case should be answerable in damages for the injury so caused by him; be it therefore enacted by the Queen's most excellent majesty, by and with the advice and consent of the Lords Spiritual and Temporal, and Commons, in the present Parliament assembled, and by the authority of the same, that whensoever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then in every such case the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"And be it enacted, that every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased; and in every such action the jury may give such damages as they may think proportioned to the injuries resulting from such death to the parties respectively for whom and for whose

benefit such action shall be brought; and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above-mentioned parties in such shares as the jury by their verdict shall find and direct."

This kind of statute, both in the courts of the American states and of England, has been construed, not as providing for the survival of any right of action which the injured person would have had but for his death, but as creating an independent cause of action on behalf of the beneficiaries specified therein for the purpose of compensating them for the pecuniary deprivation resulting to them from his wrongful death. *Michigan Central Railway Co. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913).

However, many states, in addition to a wrongful death statute, have also enacted a statute providing for the survival of the cause of action for personal injuries which a deceased person had before he died.

"Similarly there was a corresponding failure in the common law to provide remedy for personal injuries to a person who died either before bringing or before completing a personal injury action. At common law, the action or cause of action for such injury would abate and be forever lost if the injured person died before the action was commenced or before judgment was entered therein. Just as Lord Campbell's Act provided a remedy for wrongful death, the "survival statute" provided a remedy for the personal injury in cases where the injured person died." S. Speiser, *Recovery For Wrongful Death,* § 14:1 at 743 (1966).

The difference between these two types of statutes is apparent; the former creates a new cause of action for the death itself while the latter only preserves the decedent's right of action for personal injuries.

"Wrongful-death statutes are to be distinguished from survival statutes. The latter have been separately enacted to abrogate the common-law rule that an action for tort abated at the death of either the injured person or the tortfeasor. Survival statutes permit the deceased's estate to prosecute any claims for personal injury the deceased would have had, but for his death. They do not permit recovery for harms suffered by the deceased's family as a result of his death." *Sea-Land Services, Inc. v. Gaudet* (1974) 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9.

The third category of wrongful death statutes, the hybrid statutes, combines the elements of both the "wrongful death" and the "survival" acts. These peculiar statutes exist in only a handful of states, including Tennessee. They allow the statutory beneficiaries to recover damages for the injuries to the deceased and also for the damages to the beneficiaries resulting from the deceased's death. Thus, our statute, T.C.A. § 20–614, provides:

"Damages recoverable in wrongful death. —Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided by §§ 20–607 and 20–608, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, *and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.*" (Emphasis added.)

In applying the statute of limitations to actions brought under wrongful death statutes, the courts have generally held that the cause of action accrues to the beneficiary, and that the statute of limitations begins to run at the time of death. *Frazee v. Partney,* 314 S.W.2d 915 (Mo.1958); *Dodson v. Continental Can Co.,* 159 Wash. 589, 294 P. 265 (1930); *Smith v. McComb Infirmary Association,* 196 So.2d 91 (Miss.1967); Restatement of Torts, § 899, Comment C.

Conversely, where the statute conferring the right of action is construed to be a survival statute, it has been generally held that the cause of action accrues to the

decedent and the statute of limitations begins to run at the time of the injury. *Whaley v. Catlett, supra; Gardner v. Beck*, 195 Iowa 62, 189 N.W. 962 (1922); *Natseway v. Jojola*, 56 N.Mex. 793, 251 P.2d 274 (1952).

How, then, should a hybrid statute such as ours be construed, as a wrongful death act or as a survival act? In my view, neither logic nor public policy supports a construction of such a statute as a survival act. It is obvious that a deceased person never had a cause of action to recover damages for the loss resulting to his family from his own death. How, then, can such an action be deemed to "survive" to his family? It must have accrued directly to them by reason of, and at the time of, his death. The statute by its terms makes death of the injured person a condition precedent to the accrual of a cause of action. T.C.A. § 20–607. There can be no "action for wrongful death" until death occurs; death is one of the elements making up the cause of action. It is pure fiction to say that a person ever had the right to sue for his own death. Furthermore, as was pointed out by the Court of Appeals in its opinion in this case, to hold that the cause of action for wrongful death accrues to the decedent at the time of injury and that the statute of limitations begins to run at that time would result in the denial of a cause of action altogether, thus frustrating the purpose of the statute, in a case in which the deceased survived his injuries for more than one year and then died therefrom without filing suit. I cannot countenance a rule which works such an absurd result.

"While the husband and father lives, there is no right of action in the wife and children. The right only accrues at his death, and then, only, for the consequences resulting to them from such death. If the husband and father being injured, linger for more than twelve months without bringing suit and then die, I do not think that the doctrine, that more than one year, from the injuries to the death having elapsed, will bar the right to sue for the benefit of the widow and children, can be maintained; for the very strong reason that no such right existed during that time. Time never runs against that which has no existence. A right of action must first accrue to and vest in a party before time can commence to operate against it or destroy it." *Fowlkes v. Railroad Company*, 9 Heiskell 829, 838–839 (Turney, J., dissenting).

As I construe them, the sections of the code which go to make up our "wrongful death statute" create a new cause of action, which is not complete until the death of the person injured; this cause of action accrues to the statutory beneficiaries, not to the deceased person, and it accrues at the time of death, not at the time the fatal injuries are inflicted. This construction is in harmony with the more recent decisions upon this subject. See *Cross v. Pac. Gas & Elec. Co.*, 60 Cal.2d 690, 36 Cal.Rptr. 321, 388 P.2d 353 (1964); *St. Frances Hosp., Inc. v. Thompson*, 159 Fla. 453, 31 So.2d 710 (1947); *Rogers v. Smith, K. & French Lab.*, 5 Ariz. App. 553, 429 P.2d 4 (1967); *Parker v. Chrysler M. Corp.*, 88 Nev. 560, 502 P.2d 111 (1972). Furthermore, such a construction would not alter the rule of damages or diminish the award in any such case, as suggested in the majority opinion. T.C.A. § 20–614 expressly provides the elements of damages for which recovery may be allowed.

I would hold that the right of action asserted in this case accrued to the infant plaintiff, Anthony Lamar Jones, the statutory beneficiary, at the time of his mother's death on June 13, 1971, but, as provided by the saving statute, T.C.A. § 28–107, that the statute of limitations would not begin to run against this infant plaintiff until he reaches the age of eighteen years; hence, this suit was timely filed and should not have been dismissed.