Ethel Mae COLLIER, Appellee-Plaintiff,

v.

MEMPHIS LIGHT, GAS & WATER DIVISION, et al., Appellants-Defendants.

Gladys COLLIER, as mother and next friend of Marvin Marvelle Collier, a minor, Appellee-Plaintiff,

v.

MEMPHIS LIGHT, GAS & WATER DIVISION, et al., Appellants-Defendants,

Gladys COLLIER, as mother and next of kin of Terry Tyrone Collier, Deceased, Appellee-Plaintiff,

v.

MEMPHIS LIGHT, GAS & WATER DIVISION, et al., Appellants-Defendants.

Court of Appeals of Tennessee, Western Section at Jackson.

June 10, 1983.

Application for Permission to Appeal Denied by Supreme Court Aug. 29, 1983.

Charlotte A. Knight, Memphis, for appellants-defendants.

John Kevin Walsh, Memphis, for appellee-plaintiff.

Eugene Gaerig, Memphis, for City of Memphis.

CRAWFORD, Judge.

These consolidated cases are before the court on interlocutory appeal pursuant to T.R.A.P. 9. Both defendants, City of Memphis (the City) and Memphis Light, Gas and Water Division (MLG & W), have appealed and several questions concerning municipal liability under the Tennessee Governmental Tort Liability Act, Tenn.Code Ann. § 29–20–101 *et seq.* (1980), and the common law doctrine of nuisance have been certified to the court for determination.

### I.

On a rainy August 8, 1978, Gladys Collier's three minor children, Marvin Marvelle Collier, age 13, Terry Tyrone Collier, age 14, and Ethel Mae Collier, age 15, were riding in a vehicle driven by Gladys Collier on Overton Crossing Road when the car skidded off the wet pavement into a utility pole which caused high-voltage wires to break loose and fall onto or near the car. Terry was fatally electrocuted, and Marvin and Ethel were severely burned.

No action was taken until March 10, 1981, when plaintiffs attorney by letter addressed to the Mayor, City of Memphis, and the City Attorney of Memphis made claim for the death and personal injuries. The City's claim department shortly thereafter denied the claim, and on July 20, 1981, these three suits were filed:

(1) Gladys Collier as mother and next of kin of Terry Tyrone Collier, deceased versus Memphis Light, Gas and Water Division and the City of Memphis, for the alleged wrongful death of Terry Tyrone Collier;

(2) Gladys Collier as mother and next friend of Marvin Marvelle Collier, a minor, versus Memphis Light, Gas and Water Division and City of Memphis for the personal injuries to Marvin Marvelle Collier, a minor; and

(3) Ethel Mae Collier versus Memphis Light, Gas and Water Division and the City of Memphis for her personal injuries. (Ethel reached her majority on December 24, 1980.)

The allegations of all the complaints are identical except as to injuries and damages. In general, plaintiffs charge the City with various acts of negligence in the construction and maintenance of Overton Crossing Road, violation of the city ordinance requiring compliance with the National Electric Safety Code, and creation and maintenance of a dangerous condition as a public nuisance. MLG & W is charged with various acts of negligence regarding the construction, location and maintenance of its poles and wires at and near the location of the accident, violation of a city ordinance requiring compliance with the National Electric Safety Code, and creation and maintenance of a dangerous condition as a public nuisance.

The City filed identical motions to dismiss as to each count with the exception of reliance on the statute of limitation in the wrongful death case. The other grounds relied on in the motions are, in general, failure to state a cause of action upon which relief can be granted, immunity of the City pursuant to Tenn.Code Ann. §§ 29–20–201 and 29–20–203(b), the 12-month limitation of action period set out in Tenn.Code Ann. § 29–20–305(b), the 120-day notice prerequisite and the requirements of the notice set out in Tenn.Code Ann. §§ 29–20–203, 204 and 301–303, and the exception of Tenn.Code Ann. §§ 29–20–205 and 204 as to actions based on failure to make proper inspection. MLG & W filed identical motions to dismiss or in the alternative for summary judgment with the exception of reliance on the statute of limitation in the wrongful death case. The other grounds relied on are failure to state a cause of action, failure to comply with the notice requirements of Tenn.Code Ann. §§ 29–20–201, 204 and 301 through 305 and the 12-month limitation of action period provided in Tenn.Code Ann. § 29–20–305.

The court overruled the motions of both defendants, but certified certain questions for review which are common to all causes except the issue as to the statute of limitation in the wrongful death case.

### II.

We will now consider the issues certified for review.

1. In a wrongful death action brought by the next of kin of the deceased minor, is the next of kin required to file such lawsuit within one year from the death of the deceased minor, or is the next of kin allowed one year from the date that the minor's emancipation would have taken place, had the minor lived?

This issue involves only the suit for the wrongful death of Terry Tyrone Collier.

The accident, injury to decedent and death of decedent occurred on August 8, 1978, and suit was filed July 20, 1981. Plaintiff asserted and the trial court agreed that since the decedent was a minor at the time of his death Tenn.Code Ann. § 28–1–106 (1980), would toll the statute of limitation until one year after the decedent would have reached the age of 18 years. Tenn. Code Ann. § 28–1–106 (1980), relied on by plaintiff, provides:

> *Persons under disability on accrual of right.* If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or his representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

We disagree with plaintiffs' assertion and the ruling of the trial court.

■ There is no specific statute of limitation contained in the Tennessee wrongful death statutes, Tenn.Code Ann. § 28–5–106 *et seq.,* (1980), but our courts have uniformly applied the one-year statute of limitation contained in § 28–3–104 governing actions for personal injuries to actions for wrongful death. *Jones v. Black,* 539 S.W.2d 123 (Tenn.1976).

Tenn.Code Ann. § 28–1–106 provides for the commencement of the action "after the removal of such disability" within the time limitation for the particular cause of action. Thus, it is most important to determine when the disability is removed. Justice Brock aptly stated the logical in his dissenting opinion in *Jones v. Black, supra:*

> The death of a person under disability removes the disability and sets the statute to running; thus, if a person under a disability, such as the deceased mother in this case, had a cause of action for personal injuries, that action must be commenced within one year after his or her death. *Griffith v. Nashville C. & St. L. Ry.,* 147 Tenn. 224, 246 S.W. 532 (1922). *Id.* at 126.

This court would find it difficult to make a determination of when the disability of a deceased is removed at some date subsequent to the date of death. The criteria for such a determination appear to be non-existent.

In *Whitson v. Tennessee Central Ry. Co.,* 163 Tenn. 35, 40 S.W.2d 396 (1931), the father and sole beneficiary of a deceased minor filed a suit for the wrongful death of his daughter which at that time could only have been prosecuted by the personal representative of the deceased daughter. Suit was filed within one year from the date of death, and after the expiration of one year the plaintiff father was appointed and qualified as administrator of the estate of his daughter. Plaintiff thereupon moved to amend the summons so as to add to his name the words, "as administrator of the estate of Mary Frances Whitson, deceased." The court allowed the amendment, and after the declaration was filed a plea was filed by the defendant which the court treated as a plea of the statute of limitation. The trial court ruled that the amendment to the summons did not relate back to the date of the original summons and therefore dismissed the suit. The Supreme Court in reversing the trial court held that the amendment would relate back to the date of the original summons, and in so doing the court stated:

> This right of action is subject to the statute of limitations of one year. Code (Shannon), Sec. 4469.

*Id.* at 39, 40 S.W.2d at 397.

■ We hold that an action for wrongful death of a minor must be brought within one year of the accrual of the cause of action. Accordingly, the action of the trial court is reversed, and the action for the wrongful death of Terry Tyrone Collier is dismissed.

2. Are the actions of Ethel Mae Collier and Gladys Collier as mother and next friend of Marvin Marvelle Col-

lier barred by Tenn.Code Ann. § 29–20–305(b)?

The Tennessee Governmental Tort Liability Act, Tenn.Code Ann. § 29–20–101 *et seq.* (1980) (hereinafter the Act) was enacted in 1973 and included what is now Tenn. Code Ann. § 29–20–305(b), which provides that an action must be commenced within twelve (12) months after the cause of action arises.

In 1980 an amendment to the Act produced Tenn.Code Ann. § 29–20–104(b):

(b) Notwithstanding any other provision of law to the contrary, the provisions of §§ 28–1–106—28–1–108 shall apply in causes of action arising pursuant to this chapter.

As heretofore pointed out, the accident and injuries in this case occurred on August 8, 1978, and the one-year limitation of § 29–20–305(b) expired August 8, 1979. Plaintiffs contend that Tenn.Code Ann. § 28–1–106 (quoted above), incorporated into the Act by Tenn.Code Ann. § 29–20–104(b), saves the causes of these minor plaintiffs.

We are presented with the question of whether Tenn.Code Ann. § 28–1–106 is applicable to actions under the Act which accrued and matured prior to the 1980 amendment.

The enactment of the Act in 1973 was premised explicitly on the absolute immunity of governmental entities:

*General rule of immunity from suit—Exception.*—(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of said governmental entities wherein said governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

(b) When immunity is removed by this chapter any claim for damages must be brought in strict compliance with the terms of this chapter.

Tenn.Code Ann. § 29–20–201.

This section merely codifies the existing constitutional doctrine as to the immunity from suit of municipalities acting in their governmental capacity, but the Act is equally explicit as to immunity for their activities in a proprietary capacity as well. *See Crowe v. John W. Harton Memorial Hospital,* 579 S.W.2d 888 (Tenn.App.1979).

After declaring absolute immunity, provision is made for various suits against governmental entities "in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. 1, § 17. At the time of the occurrence of the accident in this case, and for a period of about two years thereafter, the Act was quite clear that "actions *must* be commenced within twelve (12) months after the cause of action arises." Tenn.Code Ann. § 29–20–104(b) (emphasis supplied). With the admonition of the constitution the legislature prescribed the "manner" for such a cause and we cannot change the plain meaning of the words. The legislature made no express provision for minors until the 1980 amendment, and this was a matter for the legislature not for the court. *See, e.g., Robinson v. City of Memphis,* 171 Tenn. 471, 476, 105 S.W.2d 101, 103 (1937).

We should consider, however, whether the amendment to the Act in 1980 can be applied retrospectively. As noted, suit was not filed within 12 months of the accrual of the cause of action, and absent the application of Tenn.Code Ann. § 28–1–106, the cause of action is barred.

▮ When a statute creates a new right, takes away a vested right, or impairs contractual obligations, its retrospective application is constitutionally forbidden. Tenn. Const. art. 1, § 20; *Anderson v. Memphis Housing Authority,* 534 S.W.2d 125, 127 (Tenn.App.1975). Since the suit of plaintiffs was barred at the time of the amendment to the Act, there can be no doubt that a retrospective application of the amendment is forbidden as taking away a vested right. Therefore, we hold that the actions of the plaintiffs under the Act are barred by provisions of Tenn.Code Ann. § 29–20–305(b).

3. Do the complaints allege causes of actions against the defendants on the basis of nuisance.

Plaintiffs assert in additional counts of the Complaints that the maintenance of the condition of the streets and the pole by the City and MLG & W respectively, constitutes a nuisance and that therefore, irrespective of the Act, the defendants could be liable. The significance of these allegations is readily apparent: any action brought against the defendants outside the Act would have the benefit of Tenn.Code Ann. § 28–1–106, and thus the causes of actions of the two minor plaintiffs would not be barred.

We have been squarely presented with the issue of whether plaintiffs have an action independent of the Act for damages due to injuries caused by nuisance.

■ As previously noted the Act is premised on the establishment of absolute immunity for governmental entities, not only for acts in their governmental capacity, but also for acts in their proprietary capacity. Comprehensive plans are then established to control all actions for damages against governmental entities.

In *Haun v. Freeman,* Court of Appeals, Western Section, unreported (filed November 22, 1982), Judge Nearn, in considering actions for damages outside the Act, observed:

> . . . Therefore, it seems clear to us that it is the legislative intent that, unless excepted in the chapter, all claims for injury against a governmental entity must be brought under the chapter. We are buttressed in this conclusion by the fact that T.C.A. § 29–20–201 does not use the term "negligence" but uses the term "suit for any injury" which would include even the previously time-honored claim for nuisance injury, which courts have previously recognized as being an exception to the governmental immunity doctrine on the *ipse dixit* statement that such claims are not based on negligence.

*Id.* at pages 2 and 3.

■ Moreover, we can buttress this conclusion even further. The action based on nuisance against the City contends that the defective design, construction and maintenance of the road constituted a nuisance, and the action based on nuisance against MLG & W contends that the defective design, construction and maintenance of the poles and wires constituted a nuisance. Regardless of the labels placed on the causes of action, the suit against the City is for "injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity." Tenn.Code Ann. § 29–20–203(a), and the suit against MLG & W is for "injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity." Tenn.Code Ann. § 29–20–204. The legislature left little if any room for doubt that actions against governmental entities for damages based on activities historically labeled "nuisance" are now included in and covered by the Act.

■ We do not feel our decision is in conflict with the opinion of the Eastern Section of this court in *Dean v. Bays Mountain Park Association,* 551 S.W.2d 702 (Tenn.App.1977), because, as Judge Nearn noted in *Haun, supra* at 3 n. 1, this issue was not raised at trial or on appeal. We also are aware of the opinion of our brother, Judge Matherne, on the Western Section, in *Pate v. City of Martin,* 586 S.W.2d 834 (Tenn.App.1979), holding that a Chancery Court has inherent jurisdiction to abate a nuisance and award incidental damages in an action not governed by the provisions of the Act. The suit under consideration by Judge Matherne was not an action or suit for damages, but was a suit brought under the inherent jurisdiction of the Chancery Court to abate a nuisance which is in the nature of a proceeding for injunction. No one questions the time-honored rule that damages of that nature may be awarded in the abatement procedure.

For the reasons stated, we reverse the holding of the trial court and dismiss all cases.

Costs are adjudged against the plaintiffs.

In view of our ruling, we do not find it necessary to address the remaining issues certified for review.

TOMLIN and HIGHERS, JJ., concur.