# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### November 27, 2000 Session

## TERRY BATES LYNN, ET AL. v. CITY OF JACKSON TENNESSEE

**A Direct Appeal from the Circuit Court for Madison County**
**No. C-99-170      The Honorable Roy Morgan, Jr., Judge**

---

### No. W1999-01695-COA-R3-CV - Filed January 9, 2001

---

Plaintiffs, personal representative of decedent, an adult child of decedent, and a minor child of decedent, filed a wrongful death suit more than one year after decedent's date of death against the City of Jackson pursuant to the Tennessee Governmental Tort Liability Act (TGTLA). Plaintiffs had filed suit within one year of the date of death in federal court, and after federal court dismissed the case, they filed the instant case two days later in circuit court. The circuit court dismissed plaintiffs' case because it was not filed within one year of the accrual of the cause of action as mandated by TGTLA. Plaintiffs have appealed.

**Tenn.R.App.P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY KIRBY LILLARD, joined.

Donna Brown Wilkerson, Jackson, For Appellants, Terry Bates Lynn, Steven Todd Bates and John Darryl Bates

John D. Burleson, Dale Conder, Jr. Jackson, For Appellee, City of Jackson, Tennessee

### OPINION

Plaintiffs, Terry Bates Lynn, personal representative of the Estate of Howard Darryl Bates, deceased, and as next friend and parent of Steven Todd Bates, a minor, and John Darryl Bates, sued the City of Jackson for the wrongful death of Howard Darryl Bates, deceased, pursuant to the Tennessee Governmental Tort Liability Act (TGTLA).

On October 25, 1997, Howard Darryl Bates committed suicide while incarcerated in the Jackson City Jail. Plaintiffs, Steven Todd Bates and John Darryl Bates, are decedent's children. On October 23, 1998, Terry Bates Lynn, Plaintiffs' mother, filed an action as personal representative of decedent's estate and on the Plaintiffs' behalf in federal court, alleging claims under 42 U.S.C. §

1983 and the TGTLA. On May 3, 1999, the United States District Court in Jackson, Tennessee, dismissed the TGTLA action without prejudice, finding that TGTLA grants exclusive jurisdiction to the state circuit courts and, alternatively, declined to exercise jurisdiction over the state law claims.

Plaintiffs then filed the TGTLA action in Madison County Circuit Court on May 5, 1999. The Circuit Court granted Defendant's Rule 12.02(6) Motion to Dismiss based upon the twelve (12) month statute of limitations under T.C.A. § 29-20-305(b). Plaintiffs appeal and present two issues for review: (1) Whether the trial court erred in granting Defendant's motion to dismiss when both of the plaintiff children are under the age of nineteen (19) years; and (2) Whether the trial court erred in granting Defendant's motion to dismiss when a separate cause of action was filed in federal court within one (1) year of Plaintiffs' decedent's death.

A rule 12.02(6) motion tests the sufficiency of the complaint and admits the truth of the relevant and material averments of the complaint but asserts that the complaint on its face does not state a cause of action. *See Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997). For the reasons discussed below, we affirm the ruling of the trial court.

Plaintiffs bring this action against the City of Jackson under TGTLA, wherein sovereign immunity is removed with respect to the actions of governmental entities under certain, limited circumstances. *See Cruse v. City of Columbia*, 922 S.W.2d 492, 496 (Tenn. 1996). T.C.A. § 29-20-305 provides that actions for tort liability arising under the Act must be brought within twelve (12) months "after the cause of action arises." T.C.A. § 29–20-305(b) (2000). Similarly, although there is no specific statute of limitation for actions for personal injuries found in Tennessee's wrongful death statutes, courts have uniformly applied the one-year statute of limitations found in T.C.A. § 28-3-104, to wrongful death actions. *See Jones v. Black*, 539 S.W.2d 123, 123 (Tenn. 1976); *Collier v. Memphis Light, Gas & Water Div.*, 657 S.W.2d 771, 774 (Tenn. Ct. App. 1983).

In the case at bar, Plaintiffs do not dispute the statute of limitations under the TGTLA or the wrongful death statutes, however, they argue that for several reasons, the period of limitations should have been tolled. First, Plaintiffs claim that T.C.A. § 28-1-106 tolls the statute of limitations in this case as to decedent's children because both Plaintiffs were minors at the time of their father's death. That section provides:

> § 28-1-106. Incapacity
>
> If the person entitled to commence an action is, at the time the cause of action accrued, either within the age of eighteen (18) years, or of unsound mind, such person, or such person's representatives and privies, as the case may be, may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed three (3) years, and in that case within three (3) years from the removal of such disability.

T.C.A. § 28-1-106 (2000).

Plaintiffs reason that, since T.C.A. § 29-20-104 regarding applicability of other laws to the TGTLA says that "the provisions of §§ 28-1-106 – 28-1-108 shall apply in causes of action arising pursuant to" the Act, the statute of limitations in this action should have been tolled under the incapacity section of the Code. T.C.A. § 29-20-104(b) (2000). As further support for this argument, Plaintiffs point to ***Lockaby v. City of Knoxville***, in which this Court, ***sua sponte***, applied T.C.A. § 28-1-106 to extend the Plaintiff's time to file a wrongful death suit under the TGTLA. 1997 WL 129115, at *3 (Tenn. Ct. App. 1997). While this decision is appealing, it appears to be in conflict with the long standing theory that a wrongful death suit is the action of the deceased and not a new cause of action in the beneficiaries. ***See Whaley v. Catlett***, 103 Tenn. 347, 53 S.W. 31 (Tenn. 1897).

In ***Jones v. Black***, 539 S.W.2d 123 (Tenn. 1976), the Supreme Court addressed the issue of the effect of a plaintiff's minority on a wrongful death action in Tennessee. In ***Jones***, the child of a woman who died following Caesarian surgery sued for her mother's wrongful death.[1] ***See id.*** at 123. The plaintiff in that case argued that the right of action for wrongful death accrues to the beneficiary, "and that the minority or other disability of the beneficiary should prevent the running of the statute of limitations until after the removal of such disability." ***Id.*** Our Supreme Court rejected this view, noting:

> It is the opinion of the majority of the Court that to now hold that the right of action accrues to the beneficiary, and that the statute of limitations in a death action would depend upon the age or competency of the beneficiary, would be contrary to the basic theory and construction of the wrongful death statutes as laid down in many cases in this state over a long period of time. This in all probability, would impinge upon the theory as to the measure of damages which, in the opinion of the majority, is a more equitable one than that applied in states where the wrongful death statutes are deemed to create a "new cause of action" in the beneficiary.

***Id.*** at 124.

Twenty-three years later, the Tennessee Supreme Court addressed the issue of loss of spousal and parental consortium as a basis for damages under Tennessee's wrongful death statute. ***See Jordan***, 984 S.W.2d at 595. While holding that such losses are indeed recoverable under the statute, the Court emphatically affirmed that the right of action for wrongful death is that of the deceased, and not that of the beneficiaries:

> The plain language of Tenn.Code Ann. § 20-5-113 reveals that it may be classified as a survival statute because it preserves

---

[1]We note that the decedent mother was also a minor at the time of her death. ***See id.***

whatever cause of action was vested in the victim at the time of death. *Jones v. Black*, 539 S.W.2d 123 (Tenn.1976); *Milligan v. American Hoist & Derrick Co.*, 622 F.Supp. 56, 59 (W.D.Tenn.1985). The survival character of the statute is evidenced by the language "the party suing shall have the right to recover [damages] resulting *to the deceased from the personal injuries*." *Thrailkill v. Patterson*, 879 S.W.2d 836, 841 (Tenn.1994) (emphasis added). Tennessee courts have declared that the purpose of this language is to provide "for the continued existence and passing of the right of action of the deceased, and not for any new, independent cause of action in [survivors]." *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131, 133 (Tenn.1899); *see also Herrell v. Haney*, 207 Tenn. 532, 341 S.W.2d 574, 576 (Tenn.1960); *Memphis St. Ry. Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444, 447-48 (Tenn.1958); *Jamison v. Memphis Transit Management Co.*, 381 F.2d 670, 673 (6th Cir.1967). Accordingly, Tenn.Code Ann. § 20-5-113 "in theory, preserve[s] the right of action which the deceased himself would have had, and ... [has] basically been construed as falling within the survival type of wrongful death statutes for over a century" because it continues that cause of action by permitting recovery of damages for the death itself. *Jones*, 539 S.W.2d at 123-25.

*Id.* at 598.

In their brief, Plaintiffs respond by directing our attention to the fact that *Jones* and its progeny do not involve the TGTLA. This is true, but if anything, this argument just reinforces our holding. The general rule is that "statutes in derogation of the common law are to be strictly construed and confined to their express terms." *Ezell v. Cockrell,* 902 S.W.2d 394, 400 (Tenn. 1995). By its own terms, the Act incorporates this rule by providing that "[w]hen immunity is removed . . . any claim for damages must be brought in strict compliance with the terms of this chapter." T.C.A. § 29-20-201 (2000). Given the common law and statutory requirement of strict compliance, we must hold that Plaintiffs cannot extend the statute of limitations under the TGTLA. We cannot read into the Act the ability to extend the statute of limitations when such an extension is not permitted for non-TGTLA claims.

Plaintiffs' second argument is that the supplemental jurisdiction section of the Judicial Improvement Act of 1990, 28 U.S.C. § 1367, serves to toll the statute of limitations on a state claim for thirty (30) days following its dismissal by a federal court for lack of jurisdiction or based on the court's decision not to exercise such jurisdiction. That section reads, in pertinent part:

§ 1367. Supplemental jurisdiction

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

\*　　　　\*　　　　\*

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(d) ***The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.***

28 U.S.C. § 1367 (1993) (emphasis added). Similarly, T.C.A. § 28-1-115 provides:

§ 28-1-115. Dismissed federal court actions -

Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

T.C.A. § 28-1-115 (2000).

As to the applicability of the Tennessee statute, the Eastern Section of this Court resolved this question in ***Nance v. City of Knoxville,*** 883 S.W.2d 629 (Tenn. Ct. App. 1994). In ***Nance***, we explained that it would be incongruous to hold that T.C.A. § 28-1-115 would apply to toll the statute of limitations in a TGTLA action where courts have previously held that the general saving statute, T.C.A. § 28-1-105 does not so apply. ***See id.*** at 631. We went on to say:

> This conclusion is supported by ***Williams v. Memphis Light***, supra, quoting ***Automobile Sales v. Johnson***, 174 Tenn. 38, 122 S.W.2d 453, wherein it is said:
>
>> Where a statute creates a new liability or extends a new right to bring suit and that statute provides a time period within which to bring the action, that period
>>
>>> 'operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all.' As thus defined, the right of action is conditional. The limitation inheres in the right itself.
>>>
>>> Since the Act [Governmental Tort Liability Act] created a new liability, it must be strictly construed. In so doing, we find that the twelve-month limitation period of T.C.A. § 29-20-305(b) for bringing an action is a condition precedent which must be met before a suit may be brought against a governmental entity.

***Nance***, 883 S.W.2d at 632 (quoting ***Williams v. Memphis Light, Gas, & Water Division***, 773 S.W.2d 522, 523 (Tenn. Ct. App. 1988)).

We believe the same logic applies to Plaintiffs' claim that 28 U.S.C. § 1367(d) applies to toll the statute of limitations in an action under the TGTLA. As we noted above, the TGTLA is a state-sanctioned exception to the doctrine of sovereign immunity and, as such, must be strictly construed. The twelve-month limitation for filing TGTLA claims is a condition precedent to the right to file a claim under the statute, and therefore serves as both a statute of limitation and a statute of repose for TGTLA claims. ***See Williams***, 773 S.W.2d at 523. To hold that a federal statute can extend the period during which the State of Tennessee has consented to be sued would essentially abrogate the

-6-

doctrine of sovereign immunity. As we noted in **Williams**, it is within the purview of the legislature, not the courts, to abolish the Doctrine. **See id.** at 524.

The order of the trial court is affirmed, and this case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellants, Terry Bates Lynn, John Darryl Bates, and Steven Todd Bates, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.