Jerry Wayne GLOVER and Sarah Jane Dunaway, Plaintiffs-Appellees,

v.

HARDEMAN COUNTY, Tennessee, and Hardeman County Highway Department, Defendants-Appellants.

Court of Appeals of Tennessee, Western Section at Jackson.

April 9, 1985.

Order on Petition to Rehear Aug. 5, 1985.

Certiorari Denied by Supreme Court Oct. 28, 1985.

Michael W. Whitaker, Covington, for plaintiff-appellee, Glover.

Richard G. Rosser, Somerville, for plaintiff-appellee, Dunaway.

Charles M. Cary, Bolivar, for defendants-appellants, Hardeman County, Tenn., et al.

MATHERNE, Retired Judge.

While driving his 1973 Chevrolet automobile along Sammons Road in Hardeman County, Tennessee, the plaintiff Jerry Wayne Glover avers that a culvert owned and maintained by the defendants had collapsed beneath the road surface and that his vehicle crashed into that sunken area. At the time of the incident, the plaintiff Sarah Jane Dunaway was a passenger in the Glover vehicle. The plaintiffs sue the defendants for damages based upon resulting personal injuries and loss of property.

## I.

The plaintiffs alleged that the defendants were negligent in (1) failing to maintain the road surface and subsurface, (2) failing to properly repair the defective conditions, (3) installing a culvert too small for the conditions then and there existing, and (4) negligently installing or making repairs to the culvert after a previous washout of both ends of the culvert. The plaintiffs alleged that the defendants knew or should have known that the road surface and subsurface had been in a state of disrepair for a long period of time prior to this accident.

By answer the defendants averred that the plaintiffs failed to state a cause of action upon which relief could be granted; that the injuries and damages suffered were not proximately caused by the negligent or wrongful acts or omissions of the defendants; that the injuries and damages suffered were caused by an Act of God, heavy rains; that the defendants had governmental immunity; and pursuant to Tennessee Code Annotated, Section 29–20–203(b) the defendant had no constructive or actual notice of the washout on Sammons Road. The defendants specifically denied that Sammons Road had been in a state of disrepair for a long period of time prior to the accident.

The trial judge, sitting without a jury, found for the plaintiff Glover in the amount of $9,250.00 and for the plaintiff Dunaway in the amount of $3,000.00. The defendants appeal under the following issues for review: (1) whether the defend-

ants had the actual or constructive notice that a portion of Sammons Road located at the culvert in question had washed away during a rainfall which occurred immediately prior to the accident, and (2) whether the evidence preponderates against the findings of the trial judge. The plaintiffs present the following additional issues for review: (1) whether the defendant negligently installed and maintained the culvert; (2) whether the damages awarded the plaintiffs are inadequate; and (3) whether the defendants' appeal is frivolous.

## II.

At the time of the incident it was raining hard and had been raining for several hours. The plaintiffs had left Brownsville, Tennessee, and were on their way to the home of Glover's grandmother in the Hillville community of Haywood County. They attempted to travel along Eurekaton Road but found that road flooded and impassable. They then attempted to reach their destination along the Sammons Road, when, at about 3:00 A.M., they ran into the washed out or collapsed culvert.

There is evidence that about two years prior to the incident a rain resulted in a washout at each end of this culvert which required 18 cubic yards of dirt at each end of the culvert to rebuild the road bed. There is evidence that the road surface was sunken at the culvert, and that it had been in that condition for several months prior to the accident. There is also evidence that the entirety of Sammons Road was ill maintained and in very poor condition.

The county road commissioner of Hardeman County testified that he had the culvert installed about 20 years ago. He stated that he determined the size culvert, 36 inches, by observing the high-water mark in the ditch along the roadway. He stated that he made no estimation of the area or watershed which would drain into the culvert, and admitted that he could have obtained that information through state agencies had he asked, but he did not ask.

Grant Madsen, the plaintiffs' expert witness, testified that it was essential that the area of the watershed be calculated to determine the size culvert needed to drain the area. He stated that he calculated the watershed area and concluded that a 66 inch culvert was necessary to drain the area. He stated that the high-water mark was irrelevant in determining the size of a culvert.

The defendants presented a hydrologist who introduced several documents and computations all tending to show that a 36-inch culvert was adequate. This witness, however, said that the high-water mark method of choosing a culvert was not proper, and that if he had experienced a previous washout which required 18 cubic feet of dirt at each end of the culvert, he would have taken additional measures.

The volume of the rainfall on the night of the accident was not beyond the realm of foreseeability. By stipulation it was agreed that 4.32 inches of rainfall had been measured that night at the nearest National Weather Station at Jackson, Tennessee. Records from the National Climates Data Center, Asheville, North Carolina, were introduced and reflected that 5.4 inches to 5.5 inches of rainfall within 24 hours may be expected to "return" every ten years.

## III.

The defendants assert lack of constructive or actual notice of the defective road, and specifically rely upon Tennessee Code Annotated, Section 29–20–203, which provides:

Removal of immunity for injury from unsafe street and highway—Notice required.—(a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. The terms "street" and "highway" shall include traffic control devices thereon. (b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the

procedural notice required by § 29–20–302.

The thrust of the defense is lack of notice by the defendants.

In *Texas Co. v. Aycock,* (June 1950), 190 Tenn. 16, 227 S.W.2d 41, 46, the court considered what constituted notice under the law of Tennessee. There the court stated:

> In our State, as far back as the case of *Woodfolk v. Blount,* 4 Tenn. 147, 151, 9 Am.Dec. 736, it was held: "When anything appears which would put a man of ordinary prudence upon inquiry, the law presumes that such inquiry was actually made, and therefore fixes the notice upon him as to all legal consequences". In *Merritt v. Duncan,* 54 Tenn. 156, 164, 19 Am.Rep. 612, it was held: "It is considered that whatever is sufficient to put a person upon inquiry is *equivalent to notice;* and that when he has sufficient information to lead him to the knowledge of a fact, he shall be presumed to be cognizant of the fact." (Emphasis supplied.)
>
> In *Covington v. Anderson,* 84 Tenn. 310, 319, the rule is thus stated: "The rule upon the question of notice is, that whatever is sufficient to put a person upon inquiry, *is notice of all the facts to which that inquiry will lead,* which prosecuted with reasonable diligence and in good faith." (Emphasis supplied.)
>
> If the rule were not as stated by the cases to which reference has just been made, a reward would often result by declining to make inquiry about a matter as to which a party was given notice. This is emphasized in the quotation from 21 Am. & Eng.Ency. of Law (2 Ed.), 584 made in the case of *War Finance Corp. v. Ready,* 2 Tenn.App. 61, 67. That quotation is: "Means of knowledge with the duty to using them are deemed equivalent to knowledge itself, and *passive good faith will not serve* to excuse wilful ignorance." (Emphasis supplied.)

Under the proof in this case, however, a more pertinent decision is *Poole v. Jackson,* (1893) 93 Tenn. 62, 23 S.W. 57, wherein a city had improperly installed a defective plank sidewalk which resulted in injury to the plaintiff. There the court held that if the governmental entity originally constructed the sidewalk in a defective condition, and it remained in that condition from the time it was first put down until the plaintiff was injured as a result thereof, then no notice, actual or constructive, was necessary to the defendant; for, if the sidewalk was defectively constructed, the defendant would be charged with notice from the time of the original defective construction.

■ There is ample material evidence from which the trial judge could find that the culvert was defectively constructed by the defendants. There is also ample material evidence from which the trial judge could find that in the maintenance of the culvert by the defendants, facts occurred (the prior washout) that were sufficient to put the defendants upon inquiry, and was notice of all the facts to which that inquiry would lead when prosecuted with reasonable diligence and good faith. We therefore hold that the evidence does not preponderate against the findings of liability by the trial judge, and that finding is affirmed. Tennessee Rules of Appellate Procedure, Rule 13(d).

■ The defendants' argument that the injuries and damages resulted from an Act of God is not well taken. In *Butts v. City of South Fulton,* (Tenn.App. 1977) 565 S.W.2d 879 this court in an opinion by Special Judge T. Mark Blackburn, found an Act of God to involve the following:

> Any misadventure or casualty is said to be caused by the "Act of God" when it happens by the direct, immediate, and exclusive operation of the forces of nature, uncontrolled or uninfluenced by the power of man and without human intervention. It must be of such character that it could not have been prevented or escaped from by any amount of foresight or prudence, or by the aid of any appliances which the situation of the party might reasonably require him to use.

Under the proof, the amount of rainfall experienced was foreseeable; there was material evidence that the defendants were negligent in constructing the culvert which resulted in a defective condition that caused the accident and injuries; and that the defendants had facts through the maintenance of the culvert which put them on notice that a defective condition existed which they refused or failed to take reasonable measures to remedy. We hold that under the facts the defendants cannot rely upon an Act of God in defense of these lawsuits.

### IV.

■ On the issue of damages the plaintiff Glover testified that the collision rendered him temporarily unconscious. He stated that he lost two teeth and the enamel was knocked off four other teeth. He suffered torn ligaments in one ankle, was hospitalized and missed six or seven days from work. The evidence and stipulations establish the following actual expenses incurred and to be incurred: $2100.00 to $2500.00 dental work to be done; $764.66, Jackson-Madison County General Hospital; ambulance bill, $107.00; Bolivar Community Hospital, $54.00; Dr. Blankenship, $330.00; Semmes-Murphy Clinic, $85.00; Bone & Joint Clinic, $85.00; loss of work, six days @ $3.50 per hour, $168.00. This results in total expenses, using the $2500.00 dental figure, of $4,093.66 as a result of personal injuries. Glover testified that he returned to his job as a filling station attendant and that his injured ankle hurts him when he walks on the concrete all day, and that he wears an elastic brace on that ankle. Glover also testified that his automobile was worth $1,500.00 immediately prior to the accident, and that it was a total loss out of which he salvaged only $40.00 for the tires. There is a lack of contradicting testimony as to these damages.

We hold that the evidence preponderates against the damage award given to the plaintiff Glover by the trial judge. We hold that under the proof the plaintiff Glover is entitled to an award of $15,000.00 and the judgment of the trial court is accordingly so modified. T.R.A.P. Rule 13(d).

■ Looking to the damages awarded the plaintiff Dunaway, the record reveals that she was able to leave the scene of the accident and walk to a nearby house and get assistance. She stated that she was cut in the face and knee; she was first taken by ambulance to the hospital in Bolivar and then on to Jackson. She was discharged and not hospitalized. She said she still had scars on her face and knee, which scars were shown to and pointed out to the trial judge. She said her knees were swollen for about three weeks, and they hurt her for two or three months. She stated that otherwise she has not missed any of the normal pleasures of life as a result of the accident. She said that she lost a pair of blue jeans, a shirt and a pair of tennis shoes, all valued at $30.85. The parties stipulated the following medical expenses incurred and to be incurred: Bolivar Community Hospital, $54.00; Jackson Madison County Hospital, $92.55; Morris Clinic, $29.00; ambulance bill, $107.00; Dr. Shell for future plastic surgery, $700.00 to $775.00, plus a $25.00 office visit. These medicals add up to $1,082.55, using the higher $775.00 for Dr. Shell.

We hold that the evidence does not preponderate against the award of $3,000.00 to the plaintiff Dunaway and that finding is affirmed. T.R.A.P., Rule 13(d).

■ We further hold that the appeal by the defendants in this cause is not a frivolous appeal as contemplated by T.C.A. § 27-1-122.

It results that the judgment of the trial court is modified as herein set out, and as so modified that judgment is affirmed. This cause is remanded to the trial court for the enforcement of its judgment as herein modified. The costs in this court is adjudged against the appellants for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.

## ORDER

The defendants-appellants petition this court to re-hear this cause on the issue of damages, alleging that this court erred in finding that the trial court awarded Jerry Wayne Glover $9,250.00 damages when in fact that award was $9,200.00; and erred in finding that Jerry Wayne Glover's vehicle was worth $1,500.00 prior to the accident when in fact it was worth only $1,250.00. The defendants further aver that this court has no authority to adjudge an increase in an award of damages made by a trial judge sitting without a jury.

We admit that the trial judge awarded Jerry Wayne Glover damages in the amount of $9,200.00, rather than $9,250.00 as stated in our Opinion and Judgment. We thank counsel for calling this to our attention and our former Opinion and Judgment are, accordingly, so modified.

On the issue of the value of the Glover vehicle prior to the accident, the defendants seem to take issue with a statement by this court that there is no contradictory testimony to Glover's statement that the vehicle was worth $1,500.00 prior to the accident. The defendants argue that by deposition Glover stated that he paid $1,250.00 for the vehicle and that was its worth at the time of the accident. Glover also testified that he had put a new motor in the vehicle two weeks before the accident and a new transmission a week prior thereto. We do not treat this as contradictory testimony, but consider the total testimony as explanatory of Glover's evaluation of $1,500.00 for his vehicle.

■ Looking to the issue of the authority in this court to increase an award of damages made by a trial judge sitting without a jury, we disagree with the defendant and hold that we do have that authority. The defendants argue that Rule 13(a), Tennessee Rules of Appellate Procedure, permits the appellee to raise only the question of law in this court where the appellee has not perfected his own appeal. The defendants argue that the issue of damages is a question of fact and, therefore, the plaintiffs-appellees cannot raise the issue of the inadequacies of the damages awarded, they not having perfected their appeal.

This issue was decided by this court in the case of *Eller Bros., Inc. v. Home Fed. Sav. & Loan*, (Tenn.App.1981), 623 S.W.2d 624, wherein the appellee, without having perfected an appeal, in his brief asked for relief on issues of fact and law. In *Eller*, this court held that those issues could be considered by this court, and stated:

> By brief in this court, Eller argues that Home Federal, not having appealed, cannot now assert its affirmative claim as above outlined. We disagree with that argument.

> Rule 27(b) T.R.A.P. provides as follows: If appellee is also requesting relief from the judgment, the brief of the appellee shall contain the issues and arguments involved in his request for relief as well as the answer to the brief of the appellant.

> The relief sought by Home Federal involves mixed questions of law and fact. Rule 13(a) T.R.A.P. governs the raising of questions of law on appeal, as follows: Except as otherwise provided by Rule 3(e) any question of law may be brought up for review and relief by any party. Cross-Appeals, separate appeals and separate applications for permission to appeal are not required.

> Rule 13(d) T.R.A.P. governs the scope of review of findings of fact in civil nonjury lawsuits, as follows: Unless otherwise requested by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise.

> We, therefore, hold that Home Federal may on appeal assert its claim for affirmative relief as herein noted.

The plaintiffs-appellees filed a Response to Motion to Rehear and the defendants-appellants filed a motion to strike that response. This court did not request a response to the petition to rehear. There-

fore, the response to that petition and the motion to strike the response will not be considered by this court. Rule 39(d) T.R. A.P.

The petition to rehear is denied, with the exception of the correction as herein noted, at the cost of the petitioners.