IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

March 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

RAY GABRIELLE COX          )          E1999-01697-COA-R3-CV
                          )
   Plaintiff-Appellee          )
                          )          Appeal as of Right from the
                          )          ANDERSON CO. CIRCUIT COURT
v.                          )
                          )
                          )
ANDERSON COUNTY HIGHWAY          )
DEPARTMENT and ANDERSON          )          HONORABLE JAMES B. SCOTT, JR.,
COUNTY, TENNESSEE          )          JUDGE
                          )
   Defendants-Appellants          )


**DISSENTING OPINION**


I dissent from the majority opinion affirming the judgment of the Trial Court awarding compensatory damages of $130,000. From my review of the record, Plaintiff did not meet her burden of proving that Defendant had notice of the condition of the roadway, and therefore I would reverse the judgment of the Trial Court.

I agree with every aspect of the majority opinion except its holding that the notice requirements of T.C.A. § 29-20-203(b) were satisfied in this case. The majority bases its holding on the testimony of Mike Ellis, a former Anderson County Road Superintendent, who testified that when the state paved the road, it did not widen or regrade the road. The state simply laid asphalt on top of the existing gravel. From this testimony, the Majority makes a finding of fact that the road, when first paved by the State, narrowed 20 inches at the site of this accident. It is this finding of fact and the resulting holding with which I disagree.

Plaintiff's expert, Dr. Leighton Sissom, testified that the pavement at the accident site narrowed by 20 inches. He also testified that the edge of the pavement at that site was crumbling, sinking, and had deteriorated from substantial erosion. (" . . . the shoulder had eroded away, letting there be a major drop off.") The record does not reveal how much of the pavement had crumbled, sunk and deteriorated from erosion. Crumbling and erosion, by definition, will reduce the width of

a roadway. In this case, we do not know whether this crumbling, sinking and erosion was, in fact, responsible for the narrowing of the roadway by some or all of the 20 inches at the accident site. The Trial Court made no finding of fact that the roadway as originally constructed was 20 inches narrower at this site, and I do not think the proof in the record supports such a finding of fact by the Majority of this Court. It is impossible to tell from Dr. Sissom's testimony, or anything else in this record before us, to what extent the pavement had crumbled, sunk, and deteriorated from erosion. How much had the pavement eroded? How much had the pavement crumbled? How much had the edge of the pavement sunk? How much had the shoulder eroded? Was this crumbling and erosion responsible for the narrowing of the roadway by all or some portion of the 20 inches? The record does not supply the answers to these questions. Therefore, I do not see how this Court can find that this roadway as originally constructed narrowed at this site from 18 feet to 16 feet 4 inches. Nor do I see how this Court can find that the roadway remains in the condition as originally constructed. Absent this proof, I believe Plaintiff failed to show by a preponderance of the evidence that the road was originally constructed in this defective condition, and that it remained in that condition until the time of the accident. Therefore, I believe Plaintiff did not meet her burden to show notice to the Defendants. Given the other holdings of the Majority Opinion, with which I concur, I believe this failure is fatal to Plaintiff's case. *See Glover v. Hardeman Co.* 713 S.W. 2d, 73, 76 (Tenn. Ct. App. 1985).

It is relevant that the Trial Court did not find that Defendants had notice because the defective condition existed from the time the road was originally constructed. The Trial Court's finding of notice was based upon its determination concerning the recommendation of installation of guard rails. The Majority holds that the proposal to install guard rails does not provide the statutorily required notice to Defendants. I agree. But I disagree when the Majority then construes notice on the basis of facts not proven in the record or found by the Trial Court. As there was no finding of fact by the Trial Court that the road as originally constructed narrowed by 20 inches at this location, Rule 13(d) of Tennessee Rules of Appellate Procedure is not applicable and there is no presumption of the correctness of this finding of fact unless the preponderance of the evidence is otherwise.

In the case now before us, Plaintiff has failed to meet her burden of proving notice by negligent construction of the roadway. The proof here shows only that the road is 20 inches narrower at the site. That narrowing could well be from the crumbling, from the sinking, from the

substantial erosion which has occurred in the roadway over a long period of time, or from all of these causes. I believe the Majority made an unsupported leap of faith to arrive at any conclusion about the width of the roadway as originally constructed. Accordingly, since Plaintiff has failed to prove by a preponderance of the evidence an essential element of her case, i.e., that Defendant had notice of the condition of the roadway, I would reverse the judgment of the Trial Court.

_____
D. MICHAEL SWINEY, J.