IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
August 21, 2008 Session

**SAMMY L. HALLIBURTON v. TOWN OF HALLS**

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5841     Joseph H. Walker, III, Judge**

**No. W2007-02505-COA-R3-CV - Filed October 3, 2008**

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and
J. STEVEN STAFFORD, J., joined.

James E. Blount, IV, Collierville, Tennessee, for the appellant, Sammy L. Halliburton.

Edward J. McKenny, Jr., Memphis, Tennessee, for the appellee, Town of Halls.

**OPINION**

This case requires us to inquire whether the Town of Halls was immune under the Tennessee
Governmental Tort Liability Act ("GTLA") for maintaining a baseball field that the plaintiff alleges
is a nuisance because one of many balls that flew over the field's fence into a residential
neighborhood injured him.  The trial court held that the Town of Halls was immune from liability
because it had engaged in a discretionary function and that the baseball field did not constitute a
nuisance.  On appeal, we find that plaintiff failed to demonstrate that the Town of Halls had notice
of any dangerous condition of the baseball field in Kevan Ward Park, and, thus, we affirm the trial
court on the basis that the Town of Halls was immune from liability pursuant to the Tennessee
Governmental Tort Liability Act.

*Background and Procedural History*

The relevant facts on appeal are largely undisputed.  Appellant Sammy L. Halliburton ("Mr.
Halliburton") lives on Gilbert Street, across the road from the third base line of a baseball field in
Kevan Ward Park.  Appellee, the Town of Halls, owns Kevan Ward Park, maintains the facility
primarily for community use, and does not hold organized league games on the baseball field.  Mr.
Halliburton testified that on Sunday, March 16, 2003, he exited his car in the driveway in front of
his house across the street from the baseball field's third base line when a baseball struck him on his

left shoulder. He subsequently sought medical treatment and eventually underwent corrective surgery.

The parties stipulated to the description of the fence that encloses the baseball field. There is a backstop behind home plate that is ten feet straight up and then angles towards the field for another five feet. In addition, a ten-foot high fence runs from the backstop along the first and third base lines. Around the rest of the park is a six-foot high fence, and behind the ten foot high fence along the third base line there is a twenty-foot tall concession stand. Despite the surrounding fencing, residents in the community occasionally saw balls ascend over the fence. None of these residents claim, however, that they ever complained to any member of the town government about the unruly balls before Mr. Halliburton was injured.

Mr. Halliburton filed a complaint against the city on March 12, 2004 alleging that the Town of Halls negligently operated and maintained Kevan Ward Park and that the park constituted a nuisance. After a bench trial, the trial court held that the Town of Halls was immune from suit pursuant to the Governmental Tort Liability Act, that Mr. Halliburton had failed to prove that the baseball field was a nuisance, and the Town of Halls did not negligently maintain the park. Mr. Halliburton filed a timely notice of appeal on October 25, 2007. Although Mr. Halliburton presented a negligence claim to the trial court, his only issues on appeal are 1) whether the trial court erred in ruling that there was no nuisance and 2) whether the trial court erred in ruling that the municipality was not liable for Mr. Halliburton's injuries.

### *Standard of Review*

We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review any factual findings with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). If the trial court fails to make findings of fact, our review of these facts is also *de novo* with no presumption of correctness. *Archer v. Archer*, 907 S.W.2d 412, 416 (Tenn. Ct. App.1995).

### *Nuisance*

As we construe his original complaint and his allegations on appeal, Mr. Halliburton asserts that he has a common law nuisance claim against the Town of Halls. In 1973, however, the Tennessee legislature created the GTLA, which codified the common law doctrine of sovereign immunity and protects governmental entities from liability caused by their tortious acts. Tenn. Code. Ann. § 29-20-101; Tenn. Code Ann. § 29-20-201; *Kirby v. Macon County*, 892 S.W.2d 403, 406 (Tenn. 1994). Government entities, such as the Town of Halls, are, therefore, immune from liability unless a plaintiff proves that his claim is one of the specific causes of action for which the legislature removes immunity. Tenn. Code. Ann. § 29-20-201; *Kirby v. Macon County*, 892 S.W. 2d 403, 406 (Tenn. 1994). For instance, Section 202 removes immunity for "injuries resulting from the negligent operation by any employee of a motor vehicle

or other equipment." Tenn. Code. Ann. §29-20-202(a). Section 203 removes immunity for "any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway." Tenn. Code. Ann. § 29-20-203(a). Section 204 provides that "[i]mmunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement." Tenn. Code. Ann. § 29-20-204(a). And Section 205 removes immunity for the negligent acts of employees, with various exceptions. Tenn. Code. Ann. § 29-20-205.

Although this Court has articulated that "activities historically labeled 'nuisance'" are covered by the act, plaintiff must demonstrate that the alleged tort falls within one of the subsections of Tenn. Code. Ann. § 29-20-201 et seq. in order to give rise to the cause of action. *Collier v. Memphis, Light, Gas & Water Div.*, 657 S.W. 2d 771, 776 (Tenn. Ct. App. 1983); Tenn. Code Ann. § 29-20-201. To the extent, therefore, that Mr. Halliburton pleads a cause of action in common law nuisance, the Town of Halls is immune from suit pursuant to the Tennessee Governmental Tort Liability Act. We address Mr. Halliburton's separate GTLA claim below.

### Government Tort Liability Act

The GTLA generally grants governmental entities immunity when engaged in governmental functions unless a specific exception in the GTLA removes immunity. Tenn. Code. Ann. § 29-20-201(a) (2000); *City of Lavergne v. Southern Silver, Inc.*, 872 S.W.2d 687, 690 (Tenn. Ct. App. 1993). Like negligence claims, nuisance actions are subject to the Governmental Tort Liability Act. *Collier,* 657 S.W. 2d at 776. There are several exceptions to the general immunity rule in the GTLA, and more than one exception may apply to remove governmental immunity in a single situation. *Kirby v. Macon County*, 892 S.W.2d 403, 406 (Tenn. 1994). Immunity may only be removed, however, where there is "strict compliance" with the terms of the Governmental Tort Liability Act. Tenn. Code. Ann. § 29-20-201(c).

The essence of Mr. Halliburton's GTLA claim is that maintaining the baseball field in Kevan Ward Park near a residential neighborhood is a dangerous condition pursuant to Tenn. Code. Ann.§ 29-20-204(a). The trial court held that the Town of Halls was immune under the GTLA because its decision not to enhance the safety precautions at Kevan Ward Park was a discretionary function. Tennessee Code Annotated § 29-20-205 states:

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of:
> (1) the exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused[.]

Tenn. Code. Ann. § 29-20-205 (2000). While the trial judge applied Tenn. Code Ann. § 20-20-205(1), it would appear that the more pertinent provision is Tenn. Code. Ann. § 29-20-204 because Mr. Halliburton asserted jurisdiction based on the dangerous or defective condition of the baseball field.[1] Tenn. Code Ann. § 29-20-204 states the following:

> (a) Immunity from suit of a governmental entity is removed for any injury caused by the *dangerous* or defective condition of any public building, structure, dam, reservoir, or other public improvement owned and controlled by such governmental entity.

Tenn. Code. Ann. § 29-20-204(a) (2000) (emphasis added).

Mr. Halliburton must also demonstrate that the county had notice of the alleged dangerous condition. Tenn. Code. Ann. § 29-20-204(b) (stating "nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved . . ."). A plaintiff may demonstrate that a municipality had either actual or constructive notice. Tenn. Code. Ann. §29-20-204(b). The Tennessee Supreme Court has described actual notice as "'knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.'" *Kirby v. Macon County.*, 892 S.W.2d 403, 409 (Tenn. 1994) (quoting *Texas Co. v. Aycock*, 227 S.W.2d 41, 46 (1950)(quoting Am. Jur, Section 4, page 234)).

From the record Plaintiff fails to establish that the Town of Halls had actual notice of any dangerous condition at Kevan Ward Park. Although Mr. Halliburton and two neighbors testified on Mr. Halliburton's behalf that balls would come over the fence and hit nearby houses and cars, none of the residents testified that they ever told anyone at city hall about the balls coming over the fence. The city recorder testified for the Town of Halls that she had not received any complaints of other people injured by balls flying out of Kevan Ward Park. In addition, both the Park Director for Kevan Ward Park and the Mayor for the Town of Halls testified that Mr. Halliburton is the only person they know who has ever been hit by a ball near Kevan Ward Park. Mr. Halliburton failed to present any evidence that the Town of Halls had actual knowledge that persons or property were injured by baseballs or softballs flying over the fence at Kevan Ward Park.

---

[1] The Supreme Court acknowledges that language in *Kirby v. Macon County* implies that a defendant could demonstrate that a structure is not defective because the alleged condition is a discretionary function. *Kirby v. Macon County*, 892 S.W.2d 403, 409 (Tenn. 1994). The Court clarifies, however, in *Helton v. Knox County*, *Tenn.*, that "even when the decision whether to install guardrails is a discretionary function that preserves governmental immunity under § 29-20-205(1), it is possible that the lack of guardrails might render the bridge or roadway so defective, unsafe, or dangerous that immunity is waived under § 29-20-203." *Helton v. Knox County, Tenn.*, 922 S.W.2d 877, 882 n.10 (Tenn. 1996). The Court further clarifies that Tenn. Code. Ann. § 29-20-203 which removes governmental immunity for injuries caused by a "'defective, unsafe, or dangerous' condition of any street, alley, sidewalk or highway, does *not* create an exception for discretionary functions." *Helton v. Knox County, Tenn.*, 922 S.W.2d 877, 885 (Tenn. 1996).

Mr. Halliburton also failed to prove that the Town of Halls had constructive notice that the baseball field in Kevan Ward Park was in a dangerous condition. Mr. Halliburton does not argue that the baseball field is defective; rather, the issue before this Court is whether the Town of Halls dangerously maintains Kevan Ward Park in close proximity to the residential neighborhood in which Mr. Halliburton lives. Constructive notice is "'information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it.'" *Kirby*, 892 S.W.2d at 409 (quoting Black's Law Dictionary 1062 (6th ed. 1990)). The Town of Halls never received a complaint about baseballs landing outside the field or damaging property. County officials and neighborhood residents alike testified that Mr. Halliburton is the first person they have known to be hit by a baseball allegedly coming from Kevan Ward Park. According to the proof, the baseball field was not in violation of any regulations requiring higher fences around the field, and the residents of the Town of Halls did not play organized baseball games there.

Although Tennessee courts recognize that a municipality might have constructive notice of a defect where it built the structure, this rationale does not apply where a plaintiff does not argue that the structure was defective when originally built. *Compare Glover v. Hardeman County*, 713 S.W.2d 73, 75–76 (Tenn. Ct. App. 1986) *with Kirby v. Macon County*, 892 S.W.2d 403, 409–10 (Tenn. 1994). Similarly to the plaintiff in *Zamek v. O'Donnell*, Mr. Halliburton argues that it is the maintenance of the structure as it currently exists in Mr. Halliburton's residential neighborhood that creates the dangerous condition; there is no indication and Mr. Halliburton does not allege that the baseball field was dangerous when built. This Court, in *Zamek*, following the rationale of the Supreme Court in *Kirby*, found that building a road does not give the county constructive notice when the plaintiff does not allege that the structure was defective when built. *Zamek v. O'Connell*, No. W2006-00522-COA-R3-CV, 2007 WL 98481, at *5 (Tenn. Ct. App. 2007) (*no perm. app. filed*).

We, therefore, decline to hold that the Town of Halls had either actual or constructive notice of any dangerous condition. Consequently, Mr. Halliburton's GTLA claim fails for lack of notice and we need not address whether Kevan Ward Park's baseball field was dangerous in Mr. Halliburton's residential neighborhood.

### *Conclusion*

In light of the foregoing, we find that the Plaintiff failed to prove that the Town of Halls had notice of any dangerous or defective condition, and Mr. Halliburton's GTLA and nuisance claims are both unsuccessful. We affirm the judgment of the trial court, and costs of this appeal are taxed to the Appellant, Sammy L. Halliburton, and his surety, for which execution may issue if necessary.

DAVID R. FARMER, JUDGE