IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 10, 2021 Session

## CHARLES BIGGS ET AL. v. TOWN OF NOLENSVILLE

**Appeal from the Circuit Court for Williamson County**
**No. 2019-304          Deanna B. Johnson, Judge**

_____

### No. M2021-00397-COA-R3-CV

_____

This is an appeal from a governmental tort liability case in which the trial court granted summary judgment in favor of the defendant governmental entity on the basis that it retained its immunity. Plaintiffs now appeal, arguing that the trial court erred in granting summary judgment. Specifically, plaintiffs contend that the trial court failed to consider their expert affidavit. On appeal, we reverse the trial court's entry of summary judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

David J. Weissman and Benjamin K. Raybin, Nashville, Tennessee, for the appellants, Gina Biggs and Charles Biggs.

Sarah M. Mathews, Brentwood, Tennessee, for the appellee, Town of Nolensville.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

On or about June 30, 2018, Charles Biggs attended the Town of Nolensville's (hereinafter "Appellee") "Star-Spangled Celebration" at the Nolensville Ballpark Complex. Following the event, Mr. Biggs was walking to the parking lot when he came to a "sidewalk and street crosswalk junction." Upon approaching that junction, Mr. Biggs noticed a group of individuals mingling and blocking the sidewalk. According to Mr. Biggs, in order to get around the group, he stepped aside of them. While stepping aside of the group, Mr. Biggs stepped on the ground next to the sidewalk which purportedly

consisted of a steep embankment sloping down to a drainage ditch. After stepping onto the ground, Mr. Biggs claims that he fell "approximately five to six feet down the embankment into the ditch." Ultimately, Mr. Biggs stated that he broke his ankle as a result of the fall.

Mr. Biggs and his wife (hereinafter referred to collectively as "Appellants") filed suit against Appellee for negligence and sought damages. As part of their complaint, Appellants contended that, despite Appellee's status as a governmental entity, its immunity from suit was waived pursuant to the Tennessee Governmental Tort Liability Act ("GTLA"). GTLA provisions codified at Tennessee Code Annotated section 29-20-203 and section 29-20-204 provide:

(a) Immunity from suit of a governmental entity is removed for any injury caused by a defective, unsafe, or dangerous condition of any street, alley, sidewalk or highway, owned and controlled by such governmental entity. "Street" or "highway" includes traffic control devices thereon.

(b) This section shall not apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302 [repealed].

Tenn. Code Ann. § 29-20-203.

(a) Immunity from suit of a governmental entity is removed for any injury caused by the dangerous or defective condition of any public building, structure, dam, reservoir or other public improvement owned and controlled by such governmental entity.

(b) Immunity is not removed for latent defective conditions, nor shall this section apply unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved in addition to the procedural notice required by § 29-20-302 [repealed].

Tenn. Code Ann. § 29-20-204.

Subsequent to filing its answer and amended answer to Appellants' complaint, Appellee filed a motion for summary judgment wherein it contended that it retained its immunity pursuant to the GTLA. In support of its position, Appellee included portions of Mr. Biggs' deposition and discovery responses, as well as separate affidavits from both its Engineer and the Director of Public Works. Appellants filed a response to Appellee's motion for summary judgment, arguing that there existed "significant factual disputes that require determination by a trier of fact." In support thereof, Appellants included an affidavit of their own expert, David Johnson, a "Senior Certified Safety Professional." At the core of Appellants' argument was their contention that "there was a dangerous condition . . . of which [Appellee] knew or should have known about, yet [Appellee] failed

- 2 -

to implement proper safety measures to prevent the foreseeable harm that occurred."

The trial court issued its "Memorandum and Order" on April 14, 2021. In this order, the trial court found that:

[Appellee] has never received any reports or complaints of accidents or falls in the area of 2330 Newsome Lane, prior to Mr. Biggs' fall and complaint. Mr. Biggs' lawsuit was the first time [Appellee] learned of any possible problem with the sidewalk or area between the sidewalk and the drainage ditch at 2330 Newsome Lane. [Appellee] has not performed any repairs or received any requests for repairs to the sidewalk or area near the sidewalk at 2330 Newsome Lane since it was constructed in 2012. . . . [Appellee] performed periodic visual inspections of the area to check for dangerous or defective conditions.

The trial court later concluded that "even if the condition was dangerous or defective, [Appellee] did not have notice of it. [Appellee] has put forth proof, via the Affidavit of Mr. Billingsley, that [Appellee] had never received any complaints or reports that the area was dangerous or defective. Furthermore, [Appellee] put forth proof, via Affidavit, that it performed periodic visual inspections of the area to check for damages or defective conditions." Ultimately, the trial court found that Appellee retained its immunity pursuant to the GTLA and granted summary judgment in its favor. This appeal followed.

**ISSUES PRESENTED**

Appellants raise two issues for our review on appeal. We have restated them as follows:

1. Whether the grant of summary judgment was appropriate.
2. Whether this matter should be reassigned to a different judge upon remand.

**STANDARD OF REVIEW**

"The grant or denial of a motion for summary judgment is a matter of law." *Jones v. Allman*, 588 S.W.3d 649, 654 (Tenn. Ct. App. 2019). Therefore, we review a trial court's grant of summary judgment de novo, with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). "[T]his Court must 'make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.'" *Jones*, 588 S.W.3d at 654 (quoting *Rye*, 477 S.W.3d at 250).

Summary judgment is appropriate only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

- 3 -

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "[S]ummary judgment should not be granted where there are genuine disputes of material fact." *Bryant v. Bryant*, 522 S.W.3d 392, 399 (Tenn. 2017) (citing *Rye*, 477 S.W.3d at 264-65; *Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 346 (Tenn. 2014)).

## DISCUSSION

### *The Trial Court's Grant of Summary Judgment*

It is well-settled that "the State of Tennessee is immune from lawsuits 'except as it consents to be sued.'" *Smith v. Tenn. Nat'l Guard*, 551 S.W.3d 702, 708 (Tenn. 2018) (quoting *Stewart v. State*, 33 S.W.3d 785, 790 (Tenn. 2000)). Indeed, the GTLA "works to retain 'the viability of sovereign immunity' but removes the tort liability exemption in limited circumstances for state and local governments." *Braylon W. v. Walker*, No. W2020-00692-COA-R3-CV, 2021 WL 2965355, at *2 (Tenn. Ct. App. July 15, 2021) (citing *Hughes v. Metro. Gov't of Nashville & Davidson Cty.*, 340 S.W.3d 352, 360 (Tenn. 2011)). As previously noted, although the GTLA removes immunity for injuries caused by defective or dangerous conditions, among other things, the removal of this immunity shall not apply "unless constructive and/or actual notice to the governmental entity of such condition be alleged and proved." Tenn. Code Ann. §§ 29-20-203(b), 29-20-204(b). "Actual notice is 'knowledge of facts and circumstances sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.'" *Lindgren v. City of Johnson City*, 88 S.W.3d 581, 584 (Tenn. Ct. App. 2002) (quoting *Kirby v. Macon Co.*, 892 S.W.2d 403, 409 (Tenn. 1994)). Constructive notice, on the other hand, is "information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Id.* (quoting *Kirby*, 892 S.W.2d at 409).

Here, the trial court granted Appellee summary judgment on the basis that it did not have notice of the purportedly dangerous condition concerning the sidewalk.[1] Specifically, as we noted previously, the trial court found that,

---

[1] In addition to finding that Appellee did not have notice of the purportedly dangerous condition, the trial court made statements pertaining to the issue of whether Mr. Biggs exercised reasonable care. The parties indicate in their briefs that the trial court's statements concerning reasonable care were not the basis of its grant of summary judgment. In any event, assuming the trial court's statements *were* intended to be an alternative basis for summary judgment, it is unclear to us, based on this record, how this would be a proper finding at the summary judgment stage, as generally comparative fault is a determination of fact to be made by a jury. *Hale v. Ostrow*, 166 S.W.3d 713, 718 (Tenn. 2005) ("Given that the evidence on summary judgment must be viewed in the light most favorable to the plaintiff, however, the issue of causation, as well as the allocation of comparative fault, are determinations of fact to be made by the jury.").

- 4 -

even if the condition was dangerous or defective, [Appellee] did not have notice of it. [Appellee] has put forth proof, via the Affidavit of Mr. Billingsley, that [Appellee] had never received any complaints or reports that the area was dangerous or defective. Furthermore, [Appellee] put forth proof, via Affidavit, that it performed periodic visual inspections of the area to check for damages or defective conditions.

It is well-settled that "the party seeking summary judgment must carry the burden of persuading the court that no genuine and material factual issues exist and that it is, therefore, entitled to judgment as a matter of law." *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). If the moving party evinces that there is no genuine issue of material fact, the nonmoving party must "demonstrate, by affidavits or discovery materials, that there is a genuine, material fact" such as to warrant a trial on the matter. *Id.* (citing *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Merritt v. Wilson Cty. Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn. Ct. App. 1983)); *see also* Tenn. R. Civ. P. 56.06 ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Expert opinion affidavits, as they pertain to summary judgment, are governed by Rule 703 of the Tennessee Rules of Evidence. Tenn. R. Civ. P. 56.06. Rule 703 provides that "[c]ourts 'shall disallow testimony in the form of an opinion or inference if the underlying facts or data indicate a lack of trustworthiness.'"[2] *Beaudreau v. Gen. Motors Acceptance Corp.*, 118 S.W.3d 700, 703 (Tenn. Ct. App. 2003) (quoting *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 264 (Tenn. 1997)). "Once the expert testimony has been admitted, however, the court must not weigh the evidence when evaluating a motion for summary judgment." *Id.* (citing *Byrd*, 847 S.W.2d at 211). Rather, "[t]he nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008) (citing *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998)).

In response to Appellee's submission at summary judgment of affidavits from individuals who opined that the area was not dangerous or defective such that Appellee would have had notice of any possible defect, Appellants provided an expert affidavit from David Johnson, a "Senior Certified Safety Professional." Mr. Johnson offered a contradictory assessment, contending that the area at issue consisted of a "steep drop-off

---

[2] Indeed, "questions regarding the admissibility, qualifications, relevancy and competency of expert testimony are left to the discretion of the trial court." *Beaudreau v. Gen. Motors Acceptance Corp.*, 118 S.W.3d 700, 703 (Tenn. Ct. App. 2003) (quoting *McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 263 (Tenn. 1997)). As such, the trial court acts "as a gatekeeper in determining whether expert testimony is admitted." *Id.*

in elevation of approximately eight feet into a drainage ditch." Mr. Johnson continued, opining that, contrary to the assertions of Appellee's experts, the "eight-foot downward slope adjacent to a sidewalk is a dangerous, defective and hazardous condition for pedestrians." Notably, we find nothing in the trial court's order indicating that it considered this affidavit. Rather, we find the trial court's conclusions to be rather brief, but clear in that Appellee's evidence was the only evidence considered. Specifically, as to the issue of notice, the trial court found that "even if the condition was dangerous or defective, [Appellee] did not have notice of it. [Appellee] has put forth proof, via the Affidavit of Mr. Billingsley, that [Appellee] had never received any complaints or reports that the area was dangerous or defective. Furthermore, [Appellee] put forth proof, via Affidavit, that it performed periodic visual inspections of the area to check for dangerous or defective conditions." Although the trial court was certainly able to consider Appellee's proof, "[t]he nonmoving party's evidence must be accepted as true, and any doubts concerning the existence of a genuine issue of material fact shall be resolved in favor of the nonmoving party." *Martin*, 271 S.W.3d at 84 (Tenn. 2008) (citing *McCarley*, 960 S.W.2d at 588). Indeed, under the applicable rules for summary judgment, the trial court was required to consider Appellants' *admitted* evidence rather than ignore it in order to grant summary judgment to Appellee.

Moreover, not only do we find that the trial court erred in failing to properly consider Appellants' affidavit, we also conclude that the affidavit clearly evinces that there is a genuine issue as to material facts. The affidavit points to the photographic evidence contained in the affidavit – including an image of the contested area – and attests to other facts in support of concluding that the area is a dangerous or defective condition. We find that Appellants' reliance on this evidence in countering Appellee's motion for summary judgment is proper and evinces a genuine dispute as to a material fact such that it would negate any finding the trial court made as to whether the area in contention was in fact a dangerous or defective condition created by the Appellee. Again, as we noted earlier, a grant of summary judgment is appropriate only in matters where there is no genuine dispute as to material facts. For summary judgment purposes, "[a] disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Perkins v. Metro. Gov't of Nashville*, 380 S.W.3d 73, 80 (Tenn. 2012) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). "A disputed fact presents a genuine issue if 'a reasonable jury could legitimately resolve that fact in favor of one side or the other.'" *Id.*

As to the issue of notice, upon a close review of Appellants' complaint, it appears that, at least in part, their theory of the case is predicated upon the notion that Appellee *created* the area in contention, which includes the sidewalk, embankment, and drainage ditch. Indeed, this is in fact one way in which constructive notice may be proven in premises liability cases. In such cases, a party is deemed to have notice if it constructed the dangerous or defective condition and the plaintiff specifically pleads that it was dangerous or defective when it was constructed. *See Glover v. Hardeman Cty.*, 713 S.W.2d 73, 76

(Tenn. Ct. App. 1985) (citing *Poole v. Jackson*, 23 S.W. 57, 59 (Tenn. 1893)); *see also Halliburton v. Town of Halls*, 295 S.W.3d 636, 641 (Tenn. Ct. App. 2008) (noting that "[a]lthough Tennessee courts recognize that a municipality might have constructive notice of a defect where it built the structure, this rationale does not apply where a plaintiff does not argue that the structure was defective when originally built"). Notably, we observe that in its motion for summary judgment, Appellee failed to refute the allegation that it created the condition at issue. Rather, Appellee focused its argument before the trial court—and does so now before this Court—without acknowledgment of the Appellants' contention that Appellee created the dangerous condition at issue. Its brief for, instance, states in relevant part as follows:

> In this matter, [Appellants] have not alleged facts to show that [Appellee] caused or created the alleged condition nor have the [Appellants] shown a pattern of conduct or general continuing condition as it relates to the alleged dangerous condition.

This is clearly not accurate. Appellants contended in their complaint that "[Appellee] created and/or maintained a hazardous condition on its sidewalk despite the feasibility of remedying, removing, repairing or employing additional safety measures for the condition at little expense prior to [Mr. Biggs'] fall, such as placing warning signs." As we understand their grievance, a dangerous condition was created by dint of Appellee's construction[3] of a sidewalk adjacent to the steep embankment that led to the drainage ditch. Appellee does not appear to have attempted to negate this theory of Appellants' case. If proven, this theory itself establishes the existence of the necessary constructive notice.

Nevertheless, even if we were to ignore entirely this theory, as Appellee appears to have done, we find there is sufficient evidence in the record to prevent the grant of summary judgment. We note that Appellee contends that the proper question as to notice involves whether a plaintiff has proved constructive notice "by evidence that the condition 'existed for a length of time' that the owner/occupier 'in the exercise of reasonable care, should have become aware of that condition,'" *Elkins v. Hawkins Cty.*, No. E2004-02184-COA-R3-CV, 2005 WL 1183150, at *4 (Tenn. Ct. App. May 19, 2005) (citing *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641 (Tenn. 1986)), a question that stems from an assumption that Appellee did not create the dangerous condition. Based on our review of the record, there is evidence submitted by *both* parties which indicate a potential finding of constructive notice in this regard. Specifically, we note that one of the affidavits provided by Appellee indicates that the sidewalk and the drainage ditch were constructed in 2012 and Appellee has "made no repairs or performed any maintenance to the sidewalk or to the area between the sidewalk and drainage ditch where the alleged accident occurred

---

[3] We note that the evidence provided by Appellee in support of its motion for summary judgment appears to offer facts indicating that it did indeed create the sidewalk, embankment, and drainage ditch at issue, thus lending support for a finding of constructive notice.

- 7 -

since its construction in 2012." Moreover, Mr. Johnson's affidavit, submitted by Appellants, indicates that, due to the length of time since its construction, that it should have been discovered by Appellee in the years following its construction. The implications arising from the evidence in the record lend credence to the notion that the area in contention has been in existence for over six years. As such, due to the evidence indicating that the sidewalk is adjacent to an embankment leading to a drainage ditch and has been so for several years, we conclude that a reasonable person could certainly conclude that Appellee could have, in the exercise of reasonable care, become aware of the condition. *See Parker v. Holiday Hospitality Franchising, Inc.*, 446 S.W.3d 341, 351 (Tenn. 2014) (citing *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004)). Accordingly, summary judgment was not appropriate as to the issue of notice.

Based on the foregoing, we conclude that the trial court erred in failing to consider Appellants' submitted affidavit in rendering its decision on Appellee's motion for summary judgment. Moreover, we also conclude that the record indicates that there is a genuine dispute as to material facts such that summary judgment at this stage of litigation is improper. Accordingly, we reverse the trial court's grant of summary judgment.

### Whether the Matter Should Be Reassigned on Remand

Appellants' second issue on appeal concerns whether, upon remand, the matter should be reassigned to a different judge. Case law reflects that this Court "may . . . order reassignment of a case to a different judge in the exercise of the court's inherent power to administer the system of appeals and remand." *Culbertson v. Culbertson*, 455 S.W.3d 107, 157 (Tenn. Ct. App. 2014) (quoting *Rudd v. Rudd*, No. W2011-01007-COA-R3-CV, 2011 WL 6777030, at *7 (Tenn. Ct. App. Dec. 22, 2011)).

This Court has previously set forth factors to be considered in determining whether reassignment upon remand is warranted:

> Some factors to be considered by an appellate court in deciding whether to exercise its supervisory authority to reassign a case are: (1) whether on remand the trial judge can be expected to follow the dictates of the appellate court; (2) whether reassignment is advisable to maintain the appearance of justice; [(]3) whether reassignment risks undue waste and duplication.

*Rudd*, 2011 WL 6777030, at *7 (internal citations omitted). "In the rare case where a judge has repeatedly adhered to an erroneous view after the error is called to his attention …, reassignment to another judge may be advisable in order to avoid 'an exercise in futility in which the Court is merely marching up the hill only to march right down again.'" *Id.* (quoting *Mahoney v. Loma Alta Prop. Owners Ass'n., Inc.*, 84 So.3d 907, 918–19 (Ala. Civ. App. 2011)).

Here, Appellants contend that the trial court's memorandum and order "reflects that the trial court has prejudged this case such that a reasonable person could question whether the court can fairly adjudicate future legal issues in this case." Although we have determined that the trial court improperly granted summary judgment in favor of Appellee in this matter, we respectfully decline Appellants' request to mandate reassignment to a different judge. In the case at bar, we find no indication that the trial judge will not follow the requisite standards and procedures in rendering a decision that is proper under the GTLA. Moreover, the "[r]ulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification." *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012) (quoting *Alley v. State*, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994)). As such, we do not find the present set of facts sufficient to warrant reassignment in order to maintain the appearance of justice. Furthermore, we note that the trial judge is presently familiar with the parties and the general background of the case, and thus we conclude that reassignment could potentially risk "undue waste and duplication."

## CONCLUSION

Based on the foregoing, we reverse the trial court's grant of summary judgment in favor of Appellee and remand the case to the trial court for further proceedings not inconsistent with this Opinion.


s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE